MEDICAL CENTER HOSPITALS AND THE EXECUTIVE BOARD OF
DIRECTORS OF MEDICAL CENTER HOSPITALS

V.

JULIA K. TERZIS, M.D., A/K/A PHYSICIAN 392

Record No. 860642

April 22, 1988

Present: All the Justices

Gregory M. Luce (Katherine A. Taylor; Mark D. Gustafson; John Franklin, III; Fulbright & Jaworski; Taylor, Walker & Adams, on briefs), for appellants.

Thomas J. Harlan, Jr. (Michael F. Bergan; Harlan, Knight, Dudley & Pincus, on brief), for appellee.

Amicus Curiae: Virginia Hospital Association (Martin A. Donlan, Jr.; Peter M. Mellette; Crewes & Hancock, on brief), for appellant.

WHITING, J., delivered the opinion of the Court.

We granted this appeal to decide whether a hospital's by-laws or Code § 32.1-134.1 creates a right to judicial review of a hospital's restriction of a physician's staff privileges.

Medical Center Hospitals (the hospital), a private, non-profit corporation, suspended Dr. Julia K. Terzis, a micro-neurosurgeon, from medical staff privileges. The hospital is a health care provider licensed to operate two facilities in the Norfolk area. Alleging that this suspension was in violation of a contract she had with the hospital, as reflected in the medical staff by-laws, Dr. Terzis obtained a temporary injunction following a hearing in the trial court preventing the enforcement of the order of suspension. Thereafter, the hospital filed a demurrer to Dr. Terzis' bill of complaint and moved to dissolve the temporary injunction.

The trial court overruled the demurrer and motion to dissolve, and these matters are before us on appeal. Dr. Terzis also argues that the hospital violated the provisions of Code § 32.1-134.1, thus giving her an additional ground for relief.

■ In our opinion, the trial court erred in overruling the demurrer and continuing the temporary injunction. We find that the by-laws and the statute do not provide a remedy to Dr. Terzis.

■ Assuming, but not deciding, that the medical staff by-laws constitute a contract between Dr. Terzis and the hospital, a specific provision of these by-laws precludes judicial review of Dr. Terzis' claim. The by-laws provide for investigative hearings and a right to appeal from an adverse recommendation of the investigative bodies to hospital committees, with a final appellate hearing before the Board of Directors of the hospital. The bill of complaint and exhibits attached thereto indicate that the hospital went through these procedures and that the Board of Directors rendered a decision adverse to Dr. Terzis. Paragraphs G and H of Article X of the by-laws make the board's decision on appeal final and binding and provide that the board's decision is not "subject to further hearing or appellate review."[1] We conclude that the terms of the "contract" under which Dr. Terzis makes her claim preclude a right of review of the board's decision by the courts. Accordingly, the trial court erred in finding that there was a contractual right of review.

■ Dr. Terzis bases her claim of a statutory right of review of the hospital's suspension of her staff privileges upon Code § 32.1-134.1. That statute provides in pertinent part that it is an improper practice for a hospital to

curtail, terminate or diminish in any way a physician's professional privileges in such hospital without stating in writing the reason or reasons therefor, a copy of which shall be provided to the physician. If the reason or reasons stated are unrelated to standards of patient care, patient welfare, violation of the rules and regulations of the institution or staff, the objectives or efficient operations of the institution, or the character or competency of the applicant, or misconduct in any hospital, . . .

---

[1] Paragraph G provides in its final sentence that "[t]his decision shall be made immediately effective and *final*, and shall [not] be subject to further hearing or appellate review." (Emphasis supplied.) Paragraph H provides that the doctor has the right to no more than one evidentiary hearing and appellate hearing with respect to an adverse finding. Given the context of these provisions, it is obvious that the word "not" we have shown in brackets was inadvertently omitted from the last sentence of Paragraph G.

*Id.*
We held in *Khoury v. Community Memorial Hospital, Inc.,* 203 Va. 236, 245, 123 S.E.2d 533, 539 (1962), that

> when the trustees of a private hospital, in their sound discretion, exclude a doctor from the use of the facilities of the hospital, the courts are without authority to nullify that discretion by injunctive process. There are no constitutional or statutory rights of the doctor, or of his patients who wish to be treated in the hospital by him, which warrant such interference.

■ Dr. Terzis contends that *Khoury* involved a refusal to *grant* privileges, as contrasted with a *suspension* of privileges, as in her case. We find that this distinction has no substance. In the absence of specific provisions creating contractual rights which can be enforced by the courts, we find no difference between a hospital's refusal to grant staff privileges and its suspension of privileges already granted.

■ Dr. Terzis further claims that the legislature modified *Khoury* by enacting Code § 32.1-134.1. The statute does modify *Khoury* by requiring the hospital to state its reasons in writing for refusing or later revoking or limiting staff privileges. If "the reason or reasons stated" should be unrelated to the considerations listed in the statute, the aggrieved physician may seek injunctive relief. Code § 32.1-134.1. If a statute is clear and unambiguous, there is no need for interpretation, and we simply apply its plain meaning and intent. *Frazier* v. *City of Norfolk,* 234 Va. 388, 391-92, 362 S.E.2d 688, 690 (1987). We think the statute clearly and unambiguously limits the court's review to the question whether the "reason or reasons stated" are within the statutory criteria. It does not authorize a judicial review of either the merit of the hospital's complaint or the procedures the hospital employed in reaching its conclusion.

■ We are aware of the conflicting policy considerations and authorities dealing with judicial review of any such decisions by private hospitals. Annot. *Exclusion of or Discrimination Against Physician or Surgeon by Hospital,* 37 A.L.R.3d 645, 659-63 (1971). In our opinion, *Khoury* articulates a rule of non-intervention in a hospital's internal affairs and spells out its underlying policy considerations. The legislature has acquiesced in that ruling

by its limited modification of *Khoury*, unambiguously expressed in Code § 32.1-134.1.

Because the Court held a *de novo* hearing which exceeded the scope contemplated in Code § 32.1-134.1, we will reverse the trial court's action in awarding the temporary injunction and in overruling the demurrer filed by the hospital. We will enter final judgement dismissing the bill of complaint.

*Reversed and final judgment.*