## CIRCUIT COURT OF THE CITY OF NORFOLK

D. C. Amarasinghe

v.

Sentara Hospitals

### May 3, 1990

### Case No. (Chancery) C89-1758

## By JUDGE JOHN W. WINSTON

Defendant Hospitals has demurred to and moved to dismiss plaintiff Amarasinghe's Bill of Complaint because:

1. The relief requested including the request for judicial review of the hospital's decision not to reappoint him is not authorized by law and is beyond the equitable jurisdiction of this court.

2. The Bill of Complaint on its face fails to establish a claim under Virginia Code § 32.1-134.1.

3. As a matter of law, no contract exists between the parties.

4. As a matter of law, the Bill fails to establish any deprivation of state and federal constitutional protections.

5. The Bill fails to state any legal or equitable claim for relief due him.

Plaintiff's Bill of Complaint alleges that:

Count I -- Defendant's denial of plaintiff's continued right to practice there was and is a wrongful and unjustified failure to comply with its own by-laws and constitutes a breach of contract and deprives him of contractual rights conferred by those by-laws. This has caused injury by impairing his ability to practice medicine and earn a

livelihood, in violation of its by-laws, "the Constitution and laws of the State of Virginia." All reasonable remedies made available by defendant have been exhausted.

Count II -- Since plaintiff has withdrawn the allegations made there (see his Memorandum of Law filed March 5, on page 8) re "common law due process," it will not be considered here.

Count III -- Defendant violated Virginia Code Section 32.1-134.1 in that the denial of plaintiff's right to practice medicine there was not in compliance with those statutory procedures and standards.

Count IV -- Defendants' actions violated the public policy of Virginia and is in retaliation for plaintiff's previous exercise of a lawful right to seek legal redress of grievances.

Plaintiff asserts also that the decision to deny him reappointment to the medical staff will cause both him and his patients irreparable harm, for which there is no adequate remedy at law. He seeks compensatory and punitive damages for the tortious act, as well as injunctive relief restraining defendant from denying him unlimited hospital privileges and ordering it to reinstate him to its medical staff.

Virginia Code § 32.1-134.1 modifies the earlier rule of judicial non-intervention in the decisions of a hospital to deny medical staff privileges. (That earlier rule is spelled out in *Khoury v. Community Memorial Hospital, Inc.*, 203 Va. 236, 245, 123 S.E.2d 533, 539 (1962).) But it is a very limited modification. *Medical Center Hospitals v. Terzis*, 235 Va. 443, 446, 367 S.E.2d 728, 730 (1988). Thus when a private hospital, in its sound discretion, excludes a doctor with whom as here it has no contract (and the court so finds), from the use of its facilities, the courts are without authority to nullify that discretion by injunctive process, *unless* the hospital's written reasons given for the refusal are unrelated to the considerations listed now in Virginia Code § 32.1-134.1.

That statute provides that it shall be an improper practice for this hospital's governing body to deny hospital staff membership and privileges to a duly licensed physician such as plaintiff "without stating in writing the reason or reasons therefor . . . ." If those reasons stated "are unrelated to standards of patient care, patient welfare,

violation of the rule and regulations of the institution or staff, the objectives or efficient operations of the institution, or the character or competency of the applicant, or misconduct in any hospital, it shall be deemed an improper practice." And the physician who is aggrieved by that improper practice may seek an injunction from the Circuit Court prohibiting any such further practice.

By letter dated December 5, 1989, the Chairman of the Board of Directors of Sentara Hospitals notified plaintiff physician that it was the final decision of the Board "not to accept your Application for Reappointment to the Medical Staff of the Hospital." The letter states the Board's reasons as follows:

> It is the responsibility of the physician to provide complete, accurate and truthful information regarding all matters for which information is requested or required by the Application for Reappointment. The cumulative effect of the imposition of disciplinary action against you at Humana Hospital-Bayside, your failure to report that action, and your failure to be forthcoming regarding the status of your privileges at other area hospitals in previous instances warrant denial of your Application for Reappointment.

The Court finds that these written reasons as delivered to him are related to the character of the applicant and his obligation to disclose required information and that the refusal to reappoint was not an improper practice authorizing injunctive relief in this Court. The hospital made that decision in its sound discretion and in compliance with the provisions of both its Corporate and Medical Staff By-laws applicable here. As stated in *Medical Center Hospitals, supra*, the Virginia statute limits this Court's review to that question. "It does not authorize a judicial review of either the merits of the hospital's complaint or the procedures the hospital employed in reaching its conclusion." (235 Va. 443, 446.)

Further the court finds that the hospital's decision did not violate the public policy of Virginia as contended

in Count IV. Again, in *Medical Center Hospitals, supra,* our Supreme Court held that:

> In our opinion, *Khoury* articulates a rule of non-intervention in a hospital's internal affairs and spells out its underlying policy considerations. The (Virginia) legislature has acquiesced in that ruling by its limited modification of *Khoury,* unambiguously expressed in Code Section 32.1-134.1.

235 Va. 443, 446-447.

Plaintiff's contentions that a contract existed between Hospitals and himself and that it was breached are not correct as a matter of law. Hence no basis for a cause of action exists on either of those grounds. These Hospitals are private corporations established by charters granted by the Commonwealth. Such charters are contracts only between a hospital and Commonwealth, allowing the hospital Boards to conduct their internal affairs without state interference in their sound discretion. No constitutional or statutory rights (except as above) exist in favor of a physician or of his patients who wishes to practice there or be treated there by him which warrant such interference. *See Khoury, supra,* pages 244, 245.

Plaintiff's contract is with his patient, and he can be sued both in tort and in contract by such patient alleging a breach of duties owed.

And Hospital can be sued by the patients they accept for a breach of duty owed them within limitations.

But as between physicians and private hospitals no contract of employment exists. For physicians are private, independent contractors allowed to come upon hospital premises and practice their profession there by treating the patients they send for that purpose. The presence of a physician is only by application and by meeting the strict standards required of them so as to secure and protect the well being of their patients.

As already stated, the Hospital complied with all of its own rules setting out what is required of physicians before admission or readmission to its staff. It followed to the letter (and more) the internal procedures set out to be certain a physician was not denied staff privileges

without good reason or outside the Virginia statute's provisions. And this court cannot go behind those decisions. That being so, plaintiff cannot now seek either injunctive relief or monetary damages under any contract or tort theory in Virginia.

Please present a duly endorsed decree (or give notice of its presentation) to the court for entry, sustaining the demurrer and dismissing this litigation with prejudice, noting objections.

The Court would remind plaintiff that the hospital's letter of December 5, 1988, to him ends with this statement: "Pursuant to § 4.2.6 of the by-laws, you are eligible to reapply for membership on the Hospital Medical Staff six months from today." That date would appear to be June 5, 1990.