# Richmond.

## GATEWOOD V. GARRETT.

### February 7, 1907.

1. SLANDER—*Privileged Communication—Malice.*—Words spoken in the presence of the mayor of a town in reference to the inefficiency of a policeman of the town are privileged, and are not actionable unless shown to have been spoken with a malicious purpose.

2. INSTRUCTIONS—*Evidence to Support—Estoppel to Deny Existence of Evidence.*—Where a plaintiff has asked for and obtained instructions plainly predicated on the existence of certain evidence, he is estopped from denying its existence when considering instructions tendered by the defendant predicated upon the same evidence, although the evidence be not certified to this court.

3. INSTRUCTIONS—*Jury Fully Instructed—Partial View of Case.*—Although instructions given for a plaintiff may, here and there, recognize for the most part the law to be as claimed by the defendant, yet where his instructions magnify his theory of the case and minimize that of the defendant, it is error to refuse an instruction tendered by the defendant which clearly and succinctly states the law applicable to that branch of the case with which it deals.

4. SLANDER—*Conduct of Public Officers—Criticism.*—The conduct of public officers is open to public criticism, and it is the right and duty of a citizen to make complaint of any misconduct on the part of officials to those charged with supervision over them, and it is his right and privilege to discuss the fitness or misconduct of such officials with taxpayers in the town in which they live.

Error to a judgment of the Circuit Court of King William county in an action of trespass on the case in slander. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*H. I. Lewis* and *George P. Haw,* for the plaintiff in error.

*Isaac Diggs* and *H. R. Pollard,* for the defendant in error.

HARRISON, J., delivered the opinion of the Court.

This action was brought by James L. Garrett to recover of the defendant, W. K. Gatewood, damages for the alleged use by him of certain words, charged by the plaintiff to have been slanderous, and to have affected him injuriously in the position of policeman, which was then held by him in the town of West Point.

The declaration names three persons, one of them the mayor of the town, in whose presence the words complained of were uttered. The gravamen of the complaint is that the plaintiff lost his position as policeman by reason of the words alleged to have been spoken by the defendant. The words complained of are stated in the declaration to be as follows: That the defendant in speaking of the plaintiff said, "He is no account"; "He is always at home asleep"; "I am prepared to prove it"; "There is something rotten about it."

These words are not, in themselves, actionable. To become so it must be shown that they were uttered with a malicious purpose to injure the plaintiff in connection with his office of policeman. This is not controverted.

The evidence adduced at the trial was not made part of the record by proper bill of exception, and therefore none of the questions raised which depend upon such evidence can be considered.

Bill of exception No. 5 was to the action of the Circuit Court in refusing to give two instructions asked for by the defendant. The first of these instructions was as follows:

## No. 1.

"If the jury believe from the evidence that the defendant spoke the words, or any of them, as charged in the declaration,

of and concerning the plaintiff, yet the presumption of law is that he spoke them honestly, believing in the truth of his statement, although such statements in fact were false or founded upon the most erroneous information; and, in order for the plaintiff to recover in this action, the burden is upon him to prove to your satisfaction that such statements were spoken with actual malice in fact towards the defendant."

It is not denied that this is a correct statement of the law. The occasion was privileged, and to make the defendant liable he must be shown to have misused the occasion to gratify his malice; the presumption being that he believed the statement to be true.

The contentions of the plaintiff are: (1) That the evidence adduced at the trial not being part of the record this instruction cannot be considered; and (2) that if it is considered, the statements of law contained therein are covered by the instructions given for the plaintiff.

These positions are not tenable. It is true that the instruction could not be considered if the existence of the evidence upon which it rests could only be ascertained by looking at the imperfect certificate of such evidence found in the record; but where the plaintiff has asked for instructions which are plainly predicated on the existence of such evidence he is estopped from denying its existence. *Kimball & Fink* v. *Friend,* 95 Va. 125, 27 S. E. 901.

That the plaintiff has recognized the existence of evidence tending to prove the facts upon which the instruction in question is based clearly appears from the instructions given for him. This is practically admitted by the second contention that "the statements of law contained therein are covered by instructions given for the plaintiff." This second contention cannot be sustained. It is true that the plaintiff's instructions contain expressions here and there recognizing, for the most part, the law to be as stated in the instruction asked by the defendant, but the instructions are framed in such a way as to magnify the

plaintiff's theory of the case and to minimize the defendant's view of the case. Instruction No. 1 was a clear and succinct statement of the law applicable to that branch of the case with which it deals, freed from entangling alliance with other subjects not related thereto, and the refusal of it was calculated to prejudice the defendant.

The second instruction asked for by the defendant and refused was as follows:

## No. 2.

"The court instructs the jury that the conduct of public officers is open to public criticism, and it is for the interest of society that their acts may be fully published with fitting comments or strictures, and that whoever fills a public office renders himself open to public discussion, and if any of his acts are wrong he must accept the attack as a necessary, though unpleasant, circumstance attaching to his position. It is not only the right but the duty of a citizen to make complaint of any misconduct on the part of officials to those charged with supervision over them, and their right and privilege to discuss the fitness or misconduct of such officials with taxpayers in the town in which they live."

This instruction is in harmony with the spirit of our institutions, and correctly states the law. Odgers on Libel and Slander, page 40; Townsend on Libel and Slander, section 254; Newell on Libel and Slander, chapter 17, section 101, pages 504, 505.

The whole theory of the plaintiff's case as shown by the pleadings as well as the instructions given on his behalf, acknowledge the existence of the facts upon which instruction No. 2 was predicated. This was an important statement of the law for the defendant, and the instructions given for the plaintiff do not bring the subject with sufficient clearness to the attention of the jury.

For the error in refusing these two instructions asked for by the defendant the judgment of the Circuit Court must be reversed, the verdict of the jury set aside and the case remanded for a new trial.

*Reversed.*