CHRISTEL T. SMALLS

V.

JOSEPH W. WRIGHT.

Record No. 900499

January 11, 1991

Present: All the Justices

*Timothy H. Hankins* for appellant.
*Stephen M. Smith* for appellee.

JUSTICE STEPHENSON delivered the opinion of the Court.

. In this appeal from a judgment in favor of a plaintiff in a defamation action, we determine whether the trial court erred (1) in failing to rule that the defendant's alleged defamatory statements were qualifiedly privileged, and (2) in granting certain jury instructions and in refusing others.

Joseph W. Wright filed a defamation action against Christel T. Smalls. A jury returned a verdict in favor of Wright, awarding him $1,000 in compensatory damages and $7,500 in punitive damages. The trial court entered judgment in accordance with the verdict, and Smalls appeals.

## I

Smalls is a resident of the City of Newport News. She is a Caucasian who, as a result of an interracial marriage, has children who are considered black. Wright is a police officer for the city. Smalls contended that Wright had an animus against her because of her interracial marriage.

On March 18, 1985, Smalls wrote a letter to the city's chief of police. In the letter, Smalls complained about Wright's actions in issuing her a traffic summons charging her with exceeding the speed limit. Smalls also complained about Wright's actions in tes-

tifying against her in court. Statements made in the letter are the basis for Wright's defamation action.

Smalls prefaced her letter by stating that she was registering "an official complaint" against Wright. She then related the following account of events:

On December 20, 1984, Smalls was operating her automobile in the city. She was driving her sixteen-year-old daughter to school. En route, Smalls drove her car through a parking lot and was stopped by Wright immediately after she exited the lot.

Wright asked Smalls if she had driven through the parking lot in order to avoid a red light. Smalls replied that she had not done so. Wright then looked at Smalls' daughter and asked, "Is this your daughter?" When Smalls responded that the girl was her daughter, Wright informed Smalls that he had "clocked [her] with radar doing 40 mph in a 25 mph zone" and issued Smalls the summons. On March 13, 1985, Smalls was found guilty of speeding.

In her letter, Smalls stated that "[she] was found guilty in court because [Wright] stood in front of the Judge and lied and purgered [sic] himself." She also stated that "[t]here is no room in the 20th century, not even in Virginia, to prosecute and harrass [sic] citizens on the basis of color or preference of marriage partners."

## II

■■ First, we consider whether the letter was a qualifiedly privileged communication. A communication, made in good faith on a subject in which the communicating party has an interest or owes a duty, is qualifiedly privileged if the communication is made to a party who has a corresponding interest or duty. *Great Coastal Express* v. *Ellington*, 230 Va. 142, 153, 334 S.E.2d 846, 853 (1985); *Taylor* v. *Grace*, 166 Va. 138, 144, 184 S.E. 211, 213 (1936). It is the function of a court, not a jury, to decide whether a communication is qualifiedly privileged. *Ellington*, 230 Va. at 153, 334 S.E.2d at 853; *Aylor* v. *Gibbs*, 143 Va. 644, 648, 129 S.E. 696, 697 (1925).

■ A citizen has the right to make a citizen's complaint about a police officer's misconduct. *See Gatewood* v. *Garrett*, 106 Va. 552, 56 S.E. 335 (1907). Such complaint is qualifiedly privileged if made to a person having authority to afford redress. *See id.*

■ In the present case, Smalls had an interest in the subject communicated. Additionally, the communication was made to the chief of police who had a corresponding interest in the matter and the duty of supervising Wright. We hold, therefore, that a qualified privilege attached to the communication, and that the trial court erred in failing to so rule.

## III

Next, we consider the error assigned to the trial court's rulings on certain jury instructions. The court refused Smalls' tendered Instruction H concerning the attachment and abuse of a privilege. That instruction read as follows:

Under certain circumstances, a person has a limited privilege to make a defamatory statement about another without being liable for damages.

Under the circumstances of this case, . . . Christel Small's statement was privileged because she has an interest or duty in the subject, and she made the statement to another person with a similar interest or duty. Her statement is not protected, however, if she abused the privilege.

A privilege is abused when the plaintiff proves by clear and convincing evidence that:

(1) the defendant knew the statement was false or made it with reckless disregard of whether it was false or not; or

(2) the statement was deliberately made in such a way that it was heard by persons having no interest or duty in the subject of the statement; or

(3) the statement was unnecessarily insulting; or

(4) the language used was stronger or more violent than was necessary under the circumstances or

(5) the statement was made because of hatred, ill will or a desire to hurt the plaintiff rather than as a fair comment on the subject.

■ A qualified privilege is lost if a plaintiff proves by clear and convincing evidence that the defamatory words were spoken with common-law malice. *Ellington*, 230 Va. at 154, 334 S.E.2d at 854. Common-law malice is "behavior actuated by motives of personal spite, or ill-will, independent of the occasion on which the communication was made." *The Gazette* v. *Harris*, 229 Va. 1, 18,

325 S.E.2d 713, 727, *cert. denied sub nom.*, *Fleming* v. *Moore*, 472 U.S. 1032, 473 U.S. 905 (1985), *cert. denied*, 479 U.S. 890 (1986).

Wright's evidence suggests that Smalls was engaged in some sort of personal vendetta against police officers. She had made a number of complaints against other Newport News police officers. Those complaints were similar to the one made against Wright—that she and her family were being harassed by the police because she was a party to an interracial marriage. Wright and the other officers denied harassing Smalls. We think that, upon the evidence presented, a jury reasonably might find that Smalls' behavior was actuated by motives of personal spite or ill-will.

■ Because the communication was qualifiedly privileged and because there was evidence from which a jury could infer malice, the trial court should have instructed the jury that the privilege attached and submitted to the jury, under a proper instruction, the question whether the privilege was lost. *Taylor*, 166 Va. at 144-45, 184 S.E. at 213. Instruction H accurately incorporates language used in various of our cases that have discussed the elements of common-law malice and abuse of a qualified privilege.[1] *See Ellington*, 230 Va. at 153-54, 334 S.E.2d at 853-54; *see, e.g.*, *Preston* v. *Land*, 220 Va. 118, 121, 255 S.E.2d 509, 511 (1979) (defamatory words uttered under qualified privilege are actionable if actuated by "hatred, revenge, personal spite, ill will, or desire to injure" plaintiff); *Crawford and Company* v. *Graves*, 199 Va. 495, 499, 100 S.E.2d 714, 717 (1957) (privilege lost if words used were "disproportioned in strength and violence to the occasion"); *Montgomery Ward & Co.* v. *Nance*, 165 Va. 363, 182 S.E. 264 (1935) (no right to use defamatory words in presence of third person who has no interest or duty); *Chalkley* v. *A.C.L.R. Co.*, 150 Va. 301, 320, 143 S.E. 631, 636 (1928) (malice which avoids privilege exists where words used were "not believe[d] to be true"). We hold, therefore, the trial court erred in refusing Instruction H.[2]

---

[1] The law contained in refused Instructions F and G is adequately set forth in Instruction H. On retrial of this case, Instructions F and G should be refused because they are cumulative and repetitious of Instruction H. *See Doss* v. *Martin*, 205 Va. 306, 311, 136 S.E.2d 854, 857 (1964).

[2] Upon remand, the trial court should determine whether the evidence presented in the new trial supports all the various elements of malice. As we said in *Ellington*, "[a] list . . ."

■ Smalls also assigns error to the trial court's granting Instruction 6 which reads as follows:

> You shall return your verdict for the plaintiff if he has proved by clear and convincing evidence that:
> (1) the defendant wrote the attached letter;
> (2) it was seen by someone other than the plaintiff; and
> (3) it was about the plaintiff; and
> (4) it was defamatory.
> You shall find your verdict for the defendant if:
> (1) the plaintiff failed to prove any one or all of the elements above; or
> (2) the defendant proved by the greater weight of the evidence that the statement was substantially true.

The trial court erred in granting Instruction 6 because Smalls' communication was qualifiedly privileged. Such an instruction would be appropriate only when no privilege attaches to the communication.

## IV

· In sum, we hold that a qualified privilege attached to Smalls' letter and that the trial court misinstructed the jury. Accordingly, we will reverse the trial court's judgment and remand the case for a new trial consistent with the views expressed herein.

*Reversed and remanded.*

of every element of common-law malice . . . would probably go far beyond the evidence of any particular case." 230 Va. at 155, 334 S.E.2d at 854.