## CIRCUIT COURT OF STAFFORD COUNTY

James V. Hodges

v.

Aquia Harbour Property
Owners Association, Inc., et al.

February 27, 1991

Case No. (Law) 511-90

By JUDGE JAMES W. HALEY, JR.

In this case a demurrer has been filed to a Motion for Judgment primarily alleging libel and slander.
It is:

the well-settled rule that a demurrer admits the truth of all well-pleaded material facts. All reasonable factual inferences fairly and justly drawn from the facts alleged must be considered in and of the pleading. However, a demurrer does not admit the correctness of the pleader's conclusions of law.

*Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988).

Hodges, plaintiff, is a member of defendant Aquia Harbour Property Owners Association, Inc. (Aquia), a community association corporation. Defendants Drew and Tessler are members of Aquia's Board of Directors, and defendant Hopkins is Aquia's general manager and executive

secretary. Aquia owns and operates a country club, which includes a golf course and related facilities.

Aquia's contract with its golf professional grants him the right to make available for compensation buckets of practice golf balls for use at the driving range. Hodges wanted to use his own balls. An argument broke out over this issue with the golf professional in the presence of others. This ultimately led to a complaint being filed and a hearing held, with due notice and a continuance granted, before a disciplinary committee of the Board on May 24, 1990. This committee recommended to the entire Board that plaintiff be suspended from use of the golf facilities for thirty days and directed to apologize for his obscene and abusive language to the golf professional and others. The Board adopted this recommendation and set forth its decision in the Association's newsletter, as is usual in such matters.

The plaintiff is neither a public official nor a public figure, and Aquia has no connection with the news media. The alleged defamation does not involve a matter of public concern.

A. Counts I and II of the Motion for Judgment allege that plaintiff's procedural and substantive due process rights respectively were violated by the Board's action.

In *Gottlieb v. Economy Stores*, 199 Va. 840, 848, 857-858, 102 S.E.2d 345, 352 (1958), the court stated:

> It is generally held that the power of courts in reviewing the internal management of policies of corporations is limited in scope and confined to cases of fraud, bad faith, breach of trust, gross mismanagement, or ultra vires acts. In reviewing an action expelling a member of a corporation, they may inquire whether the member was given reasonable notice of the hearing of the charge against him, whether he was afforded an opportunity to be heard, and whether the hearing and expulsion were in good faith. In cases where the evidence is conflicting, the action of the corporation is conclusive, if it is in accordance with the law and the powers conferred upon the corporation. When there is

evidence tending to support the conclusion, the courts will not interfere with the merits of the decision, Fletcher Cyc., Corporations, Volume 12A, § 5704, page 643 *et seq.*; 19 C.J.S. *Corporations* § 984, page 447.

The facts set forth in the pleadings are insufficient as a matter of law to justify judicial intervention, and accordingly, the demurrer to Counts I and II is sustained.

B. Counts VII and VIII allege insulting words against the corporate and individual defendants respectively.

In *Carwile v. Richmond Newspapers, Inc.*, 196 Va. 1, 6, 82 S.E.2d 588, 593 (1954), the court stated:

the trial of an action for insulting words is completely assimilated to the common law action for libel and slander, and from the standpoint of the Virginia law, it is an action for libel and slander.

Accordingly, the Demurrer is sustained to Counts VII and VIII, they being subsumed in Counts III, IV, V and VI, each alleging defamation.

C. All of the statements or writings set forth in the Motion for Judgment are either drawn from the minutes of Board meetings, correspondence from the Board to the plaintiff, statements made by Committee members at the hearing held on May 24, 1990, the recommendation of the Committee to the entire Board, and the entire Board's decision. All defendants maintain these are qualifiedly privileged.

The Supreme Court in *Smalls v. Wright*, 241 Va. 52, 399 S.E.2d 805, 807 (1991) stated:

a communication, made in good faith on a subject in which the communicating party has an interest or owes a duty, is qualifiedly privileged if the communication is made to a party who has a corresponding interest or duty. *Great Coastal Express v. Ellington*, 230 Va. 142, 153, 334 S.E.2d 846, 853 (1985); *Taylor v. Grace*, 166

Va. 138, 144, 184 S.E. 211, 213 (1936). It is the function of a court, not a jury, to decide whether a communication is qualifiedly privileged. *Ellington*, 230 Va. at 153, 334 S.E.2d at 853; *Aylor v. Gibbs*, 143 Va. 644, 648, 129 S.E. 696, 697 (1925) . . . .

The court finds that all statements and writings set forth in the pleadings are qualifiedly privileged. A qualified privilege is overcome if it can be shown by clear and convincing evidence the statement or writing was actuated with any of the disjunctive elements of "common law malice." *Great Coastal Express v. Ellington*, 230 Va. 142, 154-155, 334 S.E.2d 846, 854 (1985); *The Gazette v. Harris*, 229 Va. 1, 18, 325 S.E.2d 713, 727, *cert. denied sub nom.*, *Fleming v. Moore*, 472 U.S. 1032, 473 U.S. 905 (1985), *cert. denied*, 479 U.S. 890 (1986). Common law malice exists where:

> (1) the defendant knew the statement was false or made it with reckless disregard of whether it was false or not; or
> (2) the statement was deliberately made in such a way that it was heard by persons having no interest or duty in the subject of the statement; or
> (3) the statement was unnecessarily insulting; or
> (4) the language used was stronger or more violent than was necessary under the circumstances; or
> (5) the statement was made because of hatred, ill will, or a desire to hurt the plaintiff, rather than as a fair comment on the subject.

*Smalls, supra*; *see also Preston v. Land*, 220 Va. 118, 120, 255 S.E.2d 509, 511 (1979).

*New York Times* malice[1] is the first numbered disjunc-

---

[1] The language used by the United States Supreme Court was "knowledge that (the publication) was false or with reckless disregard of whether it was false or not." New York Times v. Sullivan, 376 U.S. 254, 280, 84 S. Ct. 710, 726, 11

tive element of common law malice set forth above. *See, Great Coastal, supra,* footnote 3, 230 Va. at 149, 344 S.E.2d at 851.[2]

Clear and convincing evidence is:

> that degree of proof which produces in the mind of the trier of facts a firm belief or conviction upon the allegations sought to be established.

*Oberbroeckling v. Lyle,* 234 Va. 373, 379, 362 S.E.2d 682, 685 (1987).

The pleadings in this case show as a matter of law that this required evidentiary standard cannot be met as to any of the disjunctive elements of common law malice. *Dwyer v. Smith,* 867 F.2d 184, 195 (4th Cir. 1989).

In addition, this court will address the question as to whether the statements and/or writings are libelous or slanderous *per se,* with the consequence that damages are presumed and no evidence thereof is required to be offered.

> At common law, defamatory words which are actionable per se are:
>
> (1) Those which impute to a person the commission of some criminal offense involving moral turpitude, for which the party, if the charge is true, may be indicted and punished.
>
> (2) Those which impute that a person is infected with some contagious disease, where if the charge is true, it would exclude the party from society.
>
> (3) Those which impute to a person unfitness to perform the duties of an office or employment

L. Ed. 2d 686 (1964).

[2] Plaintiff refers to "actual malice" in his pleadings, a term the court in Great Coastal suggests should be avoided for purposes of clarity. In the instant case, this court assumes plaintiff means common law malice, in which New York Times malice is subsumed as noted above.

of profit or want of integrity in the discharge
of the duties of such an office or employment.

(4) Those which prejudice such person
in his or her profession or trade.

All other defamatory words which, though
not in themselves actionable, occasion a person
special damages are actionable.

*Great Coastal, supra,* 230 Va. at 146-147, 334 S.E.2d
at 850.

This court finds as a matter of law that none of
the statements or writings set forth in the Motion for
Judgment are libelous or slanderous *per se.* As such,
plaintiff cannot recover unless the alleged defamation
results in special compensatory damages. *Shupe v. Rose's
Stores, Inc.,* 213 Va. 374, 376, 192 S.E.2d 766, 767 (1972);
*Carwile, supra,* 196 Va. at 7, 82 S.E.2d at 591; *Friedlander
v. Edens Broadcasting, Inc.,* 734 F. Supp. 221, 224-225
(E.D. Va. 1990).

Plaintiff makes no claim for pecuniary loss but seeks
damages for emotional upset, embarrassment, and damage
to reputation as is permissible under the rulings in *Fleming
v. Moore,* 221 Va. 884, 889, 275 S.E.2d 632, 636 (1981),
*cert. denied,* 472 U.S. 1032 (1985), and *Sateren v. Montgome-
ry Ward and Co.,* 234 Va. 303, 305, 362 S.E.2d 324, 326
(1987).[3] While a plaintiff may recover such damages upon
a showing of negligence by a preponderance of the evidence,[4]
the court in *The Gazette v. Harris,* 229 Va. 1, 15, 325
S.E.2d 713, 727, *cert. denied sub nom., Fleming v. Moore,*
472 U.S. 1032, 473 U.S. 905 (1985), *cert. denied* 479
U.S. 890 (1986), stated:

the application of this negligence standard
is expressly limited, however, to circumstances
where the defamatory statement makes substantial

---

[3] But also see Section D of this opinion.

[4] A negligence "standard . . . [is] applicable to actions against media
or non-media defendants alike, where the plaintiff . . . [is] . . . neither a
pubic official nor a public figure." Great Coastal, supra, 230 Va. at 151, 334
S.E.2d at 854.

danger to reputation apparent. The trial judge shall make such determination as a matter of law. If, on the other hand, no substantial danger to reputation is apparent from the statement in issue, *New York Times* malice must be established to recover compensatory damages.

This court makes as a "required preliminary" finding that none of the statements or writings here involved make substantial danger to reputation apparent. *See, Richmond Newspapers, Inc. v. Lipscomb*, 234 Va. 277, 288, 362 S.E.2d 32, 41 (1987). Thus, the burden is upon the plaintiff to establish by the preponderance of the evidence the existence of *New York Times* malice, as that term has been defined earlier in this opinion.

This court finds that the pleadings in the instant case fail to set forth sufficient facts, which, if true, could establish a finding of *New York Times* malice. *See, Richmond Newspapers, Inc., supra*; *Infant C. v. Boy Scouts of Am., Inc.*, 239 Va. 572, 391 S.E.2d 322 (1990); *Griffin v. Shively*, 227 Va. 317, 315 S.E.2d 210 (1984).

Counts III, IV, V and VI of the Motion for Judgment allege defamation either with or without "actual malice" (sic). For the various reasons set forth above, the demurrer is sustained as to each of these counts.

D. By Counts IX and X, plaintiff seeks recovery for intentional infliction of emotional harm by Aquia and the individual defendants respectively.

In *Russo v. White*, 241 Va. 23, 400 S.E.2d 160, 162 (1991), the Supreme Court recently noted that in *Womack v. Eldridge*, 215 Va. 338, 210 S.E.2d 145 (1974):

We stated that emotional distress resulting from a non-tactile tort may be compensated if the plaintiff alleges and proves by clear and convincing evidence that: the wrongdoer's conduct is intentional or reckless; the conduct is outrageous and intolerable; the alleged wrongful conduct and emotional distress are causally connected; and, the distress is severe.

And the court continued:

Plaintiff alleged that she suffered "severe emotional distress" and "extreme emotional distress." But, even on demurrer, the court is not bound by such conclusory allegations when the issue involves, as here, a mixed question of law and fact. This is not a negligence case where, according to Rule 3:16(b), an allegation of "negligence" is sufficient without specifying the particulars. In the present claim, "a plaintiff must allege all facts necessary to establish" the cause of action. *Ely v. Whitlock*, 238 Va. 670, 677, 385 S.E.2d 893, 897 (1989) (trial court erred in failing to sustain demurrer to count in motion for judgment alleging intentional infliction of emotional distress).

This court holds that in the instant proceeding, the plaintiff has failed to meet the pleading standard and cannot sustain the evidentiary burden, as both are set forth in *Russo v. White, supra.* Accordingly, the demurrer to Counts IX and X is sustained.

E. Plaintiff seeks punitive damages. In *Richmond Newspapers, supra,* 234 Va. at 289, 362 S.E.2d at 42, the court stated that as a condition precedent to an award of punitive damages "a private person . . . is required to establish *New York Times malice* by clear and convincing proof." *See also, The Gazette, supra,* 229 Va. at 13, 325 S.E.2d at 724; *Newspapers Publishing Corp. v. Burke,* 216 Va. 800, 804, 224 S.E.2d 132, 136 (1976).

This court has found earlier in this opinion that the plaintiff in this case cannot meet that standard, and such a finding is therefore likewise dispositive of the claim for punitive damages.

F. Counsel for defendant Aquia shall prepare and circulate an order sustaining the demurrer as to all defendants, which order shall incorporate this written opinion by reference.