**CIRCUIT COURT OF LOUDOUN COUNTY**

Telic Corporation

v.

John M. Whiteside

Case No. (Law) 11487

By JUDGE JAMES H. CHAMBLIN

May 7, 1991

On April 30, 1991, counsel argued the defendant's Special Plea in Bar (Truth and Privilege) and the ground of his Demurrer based on the same ground as the Special Plea in Bar. Because the Court refused to allow the defendant to present evidence in support of the Special Plea in Bar, it and the Demurrer were argued, and decided, by the Court, as matters of law based on the allegations contained in the Amended Motion for Judgment.

For the reasons hereinafter set forth, the Special Plea in Bar is denied, and the Demurrer is overruled.

These defensive pleadings only attack the two defamation counts (Counts IV and V) of the Amended Motion for Judgment. In paragraph 60 of Count IV, the plaintiffs allege that the false statements were made "with reckless indifference to the falsity of the statements." This is an allegation of common-law malice which will defeat a qualified privilege. *Smalls v. Wright*, 241 Va. 52, 55 (1991); *Great Coastal Express v. Ellington*, 230 Va. 142, 154 (1985). In paragraph 67 of Count V, the plaintiffs allege that the false statements were made "with knowledge of their falsity or in reckless indifference to the falsity of the statements." This is also an allegation of common-law malice which will defeat a qualified privilege. *Smalls*,

241 at 55; *Chalkley v. A.C.L. RR. Co.*, 150 Va. 301, 320 (1928).

July 25, 1991

On July 10, 1991, various motions filed by both sides in this case were heard by the Court.

The Motion of Intelicom Solutions Corporation, formerly Telic Corporation ("Intelicom") to remove the stay because it has been authorized to transact business in Virginia was granted for reasons stated from the bench. As it appears that Telic Corporation did merely change its name, I ask counsel to prepare and submit an order changing the style of this suit to reflect its new name.

The motion of the defendant, John M. Whiteside, to dismiss because the plaintiff, Ronald J. Haan, did not post a bond in the sum of $100.00 under § 14.1-185 as set by this Court from the bench on April 24, 1991, was denied because he did pay to the Court the sum of $100.00 before an order of dismissal was presented for entry.

Both parties also presented evidence and argument with respect to Whiteside's request to have Jeffrey Smith held in contempt for his failure to comply with a Rule 4:9(c) subpoena duces tecum. Such request also necessarily requires the Court to consider the Motion filed by Smith to quash the subpoena duces tecum. Counsel for Whiteside wanted the Court to also consider at the same time the plaintiffs' Motion for a Protective Order (filed July 5, 1991), but for reasons stated from the bench and for the further reason that the requested protective order goes beyond the documents subject to the subpoena duces tecum to cover documents and other discovery between the parties. Therefore, the Motion for a Protective Order has not been heard yet by the Court.

As stated from the bench, the Motion to Quash was "promptly made" as required by Rule 4:9(c). Smith, an attorney, was served on May 2, 1991, with the subpoena duces tecum to produce on May 17, 1991, a considerable number of documents concerning one of his clients. Under such circumstances and considering the nature of this case, I find that in filing the Motion to Quash on May 17, 1991, it was "promptly made." Rule 4:9(c) does not require that the motion be acted on by the Court promptly,

but only that it be "promptly made," i.e., promptly filed with the Court.

Rule 4:9(d) provides that if a non-party, such as Smith, fails or refuses to comply with the subpoena duces tecum, he may be proceeded against as for contempt of court as provided in § 18.2-456, which allows this Court to punish summarily for contempt in the form of disobedience by any person to lawful process.

The contempt alleged here is what can be termed indirect civil contempt, i.e., it did not occur within the presence of the Court, and it is prosecuted solely to enforce the rights of a private party. It only incidentally preserves the power and vindicates the dignity of the Court. This Court finds by a preponderance of the evidence that Smith is not in contempt because he "promptly made" the Motion to Quash. Rule 4:9(c) does not require a non-party to produce the documents if he has filed a motion as allowed by the Rule. I am of the opinion that Rule 4:9(c) contemplates that if such non-party promptly makes the requisite motion, then he is under no obligation to produce the documents until the court rules on the motion. However, the non-party does run the risk of being held in contempt if the Court does not quash or modify the subpoena as requested in the motion and as allowed by Rule 4:9(c). But it is of some comfort that if the non-party is held in contempt, then he must be given the opportunity to purge himself of the contempt by complying with the subpoena.

In fairness to the party who requested the Rule 4:9(c) subpoena, the Court can only consider the matters raised in a motion to quash filed by the non-party. Accordingly, this Court will only consider the grounds for quashing the subpoena as set forth in Smith's Motion to Quash. These are addressed below and are summarized as follows:

1. The documents requested by the subpoena duces tecum belong to Intelicom and not Smith.

2. The documents requested are also the subject of document requests directed to Intelicom by Whiteside.

3. The documents requested are located in the District of Columbia not in Virginia.

4. Smith has provided corporate representation to Intelicom; therefore, they are protected by attorney-client privilege and attorney work-product doctrine.

5. Some of the documents requested are not relevant, and certain requests are overly broad.

Smith and Intelicom have only moved to quash the subpoena duces tecum. Under Rule 4:9(c), this Court can only quash the subpoena duces tecum if it is unreasonable or oppressive. Considering the evidence presented on July 10, 1991, the nature of this case and the other circumstances surrounding this litigation of which this Court is aware, this Court finds the subpoena duces tecum to be unreasonable and oppressive for, at least, some of the grounds asserted in the Motion to Quash. The Motion to Quash is, therefore, granted.

It is obvious that both sides have spent considerable time and money in litigating all or part of the issues involved herein in prior court proceedings, other on-going court proceedings and prior arbitration proceedings. The bitterness between the parties, and, to a certain extent, between counsel is noted by the Court.

Mr. Hantzes testified that the documents requested by the subpoena duces tecum and the documents requested under requests for production of documents directed to Intelicom were essentially the same. Whiteside did not offer anything to refute his testimony. Likewise, Whiteside did not offer anything to show that the documents were not the documents of Intelicom. Certainly, the documents requested are "expansive." A considerable volume of documents are requested. The documents were not all in one place and were not all directly under Smith's control. Some were located outside his law firm's offices, and some were with other attorneys in his firm.

The subpoena duces tecum directed that the documents be produced fifteen days after it was served on Smith. Like most attorneys with large District of Columbia firms, Smith is a busy lawyer. He should not be expected to drop everything and take whatever time is needed to comply with a very large volume of documents requested within a relatively short period of time. He should not be expected to divert other attorneys and employees of his firm from their normal work in order to comply with the subpoena duces tecum.

A subpoena duces tecum to an attorney directing him to produce documents concerning a client raises automatically the issues of attorney-client privilege and the

attorney work-product doctrine. Such documents should almost be presumptively covered by either the privilege or work-product. There is also no indication that Intelicom has waived the attorney-client privilege. Whether or not Intelicom waived the attorney-client privilege by filing this suit is an issue that cannot be decided at this time. It cannot be decided until all the issues have been framed in this case and it is determined exactly what causes of action and defenses will be asserted.

This Court dislikes the issuance of a subpoena duces tecum to an attorney who just happens to be representing a party to a lawsuit on other matters not related to the lawsuit, particularly if the documents sought are the documents of the party and are the subject of an outstanding request for production of documents. Attorney-client privilege and the work-product doctrine are not inconsequential legal principles. They are basic to effective client representation. The difficult position in which an attorney is placed is much appreciated by this Court. The attorney is caught between legal process of the Court and his ethical and legal duties to his client.

There are problems with the document requests by Whiteside to Intelicom. This is obvious from the pending motions to compel and for a protective order. These will be resolved before this Court will consider whether or not a subpoena duces tecum should be honored by Smith or any other attorney for Intelicom.

Any confidentiality or proprietary reasons for quashing the subpoena duces tecum were not considered by this Court because they were not raised in the Motion to Quash.