SOUTHEASTERN TIDEWATER OPPORTUNITY PROJECT,
INC., ET AL.

v.

PAUL F. BADE

Record No. 921407

September 17, 1993

Present: All the Justices

*E. Wayne Powell* for appellants.
*Jeremiah A. Denton, III*, for appellee.

JUSTICE HASSELL delivered the opinion of the Court.

In this appeal of a judgment in favor of a plaintiff who had filed a defamation action against defendants who enjoyed a qualified privilege, we consider whether the plaintiff proved malice by clear and convincing evidence.

Plaintiff, Paul F. Bade, was employed as the comptroller for the Southeastern Tidewater Opportunity Project, Inc. ("STOP"). L. Louise Lucas served as executive director of STOP. As comptroller, Bade reported to Lucas and, on certain occasions, to the STOP board of directors.

Before Bade was hired as the comptroller, STOP had experienced budget deficits and fiscal problems, primarily within STOP's Head Start program. STOP received a major portion of its revenue from the Department of Health and Human Services, a federal agency. This agency had designated STOP as a "high risk" grantee because of STOP's fiscal problems within the Head Start program.

On February 12, 1990, Lucas terminated Bade's employment by delivering to him a letter stating, in part:

> The STOP Organization is designated a "High Risk" grantee in part because of serious deficiencies in business management systems which have resulted in lack of adequate control and accountability for Federal funds.

In your position as Comptroller, it appears that you were part of a plan to underspend the Head Start grant for the purpose of paying prior year debts. You stated for the record in the minutes of the December 21, 1989 Board meeting that you were in full agreement with the approach to underspend the Head Start grant through furlough of the Head Start staff. It is understood that many of the debts were incurred prior to your becoming the Comptroller. As a certified public accountant, however, it is only reasonable to expect that, you were aware of the fact that it is against the law to take such measures.

Further, it was reported to the STOP Board of Directors on January 22, 1990 by the Office of Human Development Services, Department of Health and Human Services, Region III, that it appears that you submitted fallacious information to the regional office.

Please be advised . . . that your actions, in part, placed the STOP Organization in jeopardy and are the bases for termination effective February 23, 1990.

. . . .

> Sincerely,
> L. Louise Lucas
> Executive Director

Bade filed an action against Lucas and STOP, alleging that this letter, copies of which were sent to the chairman of the STOP board of directors and placed in the personnel file, was defamatory because he had not violated the law nor had he submitted false information. A jury returned a verdict in favor of Bade in the amount of $100,000. We awarded the defendants an appeal from the judgment.

The defendants contend that Lucas' letter to Bade is a communication that is qualifiedly privileged, that Bade failed to prove common law malice by clear and convincing evidence, and that Bade failed to prove the falsity of the statements in the letter. Admitting that the letter is qualifiedly privileged, Bade, however, argues that he proved common law malice by clear and convincing evidence, as well as the falsity of the statements in the letter. Because we disagree that Bade offered sufficient proof of defendants' common law

malice, we do not consider the adequacy of Bade's proof on the issue of falsity.

The parties agree that the letter Lucas sent to Bade is a qualifiedly privileged communication because the letter was written in the context of his employment relationship. *See Chesapeake Ferry Co.* v. *Hudgins*, 155 Va. 874, 906, 156 S.E. 429, 441 (1931). However, "[a] qualified privilege is lost if a plaintiff proves by clear and convincing evidence that the defamatory words were spoken with common-law malice." *Smalls* v. *Wright*, 241 Va. 52, 55, 399 S.E.2d 805, 808 (1991); *see Great Coastal Express, Inc.* v. *Ellington*, 230 Va. 142, 154, 334 S.E.2d 846, 854 (1985).

We have stated that common law malice is "behavior actuated by motives of personal spite, or ill-will, independent of the occasion on which the communication was made." *Smalls*, 241 Va. at 55, 399 S.E.2d at 808 (*quoting Gazette, Inc.* v. *Harris*, 229 Va. 1, 18, 325 S.E.2d 713, 727, *cert. denied sub nom. Fleming* v. *Moore*, 472 U.S. 1032, 473 U.S. 905 (1985), *cert. denied*, 479 U.S. 890 (1986)); *Crawford & Co.* v. *Graves*, 199 Va. 495, 499, 100 S.E.2d 714, 717 (1957). We observed in *Preston* v. *Land*, 220 Va. 118, 255 S.E.2d 509 (1979):

> [I]n order to avoid the privilege it is necessary for the plaintiff to show that the words were spoken with *malice in fact, actual malice*, existing at the time the words were spoken; that is, that the communication was actuated by some sinister or corrupt motive such as hatred, revenge, personal spite, ill will, or desire to injure the plaintiff; or what, as a matter of law, is equivalent to malice, that the communication was made with such gross indifference and recklessness as to amount to a wanton or wilful disregard of the rights of the plaintiff.

*Id.* at 120-21, 255 S.E.2d at 511 (quoting *Chesapeake Ferry Co.* v. *Hudgins*, 155 Va. 874, 904, 156 S.E. 429, 439 (1931) (emphasis in original)).

We have also discussed the degree of proof required to constitute clear and convincing evidence.

> Clear and convincing evidence is that degree of proof which produces in the mind of the trier of facts a firm belief or conviction upon the allegations sought to be established. It is intermediate proof, more than a mere preponderance but less than

proof beyond a reasonable doubt. It does not mean clear and unequivocal.

*Oberbroeckling* v. *Lyle*, 234 Va. 373, 379, 362 S.E.2d 682, 685 (1987); *Fred C. Walker Agency, Inc.* v. *Lucas*, 215 Va. 535, 540-41, 211 S.E.2d 88, 92 (1975).

Bade, in support of his argument that he had proven common law malice by clear and convincing evidence, contends that the termination letter was a subterfuge to divert the STOP board of directors' attention from Lucas' alleged lack of management ability. Bade says that this theory is supported by evidence that Lucas' predecessor had been terminated because of financial management problems, that Lucas had been reprimanded for failing to improve STOP's financial condition, and that a copy of the termination letter was sent to the chairman of STOP's board of directors. Bade also contends that the letter was unnecessarily insulting, that the letter utilized stronger language than necessary, and that the letter was intended to hurt Bade. We disagree with Bade.

The evidence of record reveals that Bade simply failed to establish common law malice by clear and convincing evidence. The record lacks sufficient evidence from which we can infer, by the clear and convincing standard, that Lucas' behavior was actuated by any sinister or corrupt motive. *Smalls*, 241 Va. at 55, 399 S.E.2d at 808. Furthermore, the communication was not made "with such gross indifference and recklessness as to amount to a wanton or wilful disregard" of Bade's rights. *Preston*, 220 Va. at 120-21, 255 S.E.2d at 511.

We will reverse the judgment of the trial court and enter final judgment in favor of STOP and Lucas.

*Reversed and final judgment.*