## CIRCUIT COURT OF THE CITY OF NORFOLK

Kenneth B. Creech

v.

Eckerd Corp.
and T. A. Warren, Sr.

September 18, 2001

Case No. (Law) L00-2414

BY JUDGE JOSEPH A. LEAFE

This matter comes before the Court on Defendant Eckerd Corporation's (hereinafter "Eckerd") and Defendant T. A. Warren's (hereinafter "Detective Warren") Motion for Summary Judgment as to the only remaining count of Plaintiff Kenneth B. Creech's Motion for Judgment — False Arrest and False Imprisonment.

In July of 1998, Creech received numerous items from an unidentified man for returning a lost beeper. Included in these items were several pre-paid long distance phone cards, some bearing the name of Eckerd. After receiving these phone cards, Creech called the manufacturer of the phone cards and ascertained that they were not reported as lost or stolen. On July 10, 1998, Creech called Eckerd and spoke to a Mr. Richard Wilson, an employee of Eckerd's loss prevention department. Creech explained to Wilson that he received pre-paid long distance calling cards as a reward for returning a Rolex watch. Creech then offered to sell the phone cards back to Eckerd at a substantial discount off the face value of the cards.

Wilson subsequently contacted the Virginia Beach and Norfolk Police Departments regarding what he viewed as a "suspicious matter." Wilson states that he was suspicious because one of the Norfolk Eckerd stores recently reported missing phone cards and a manager, who owned a Rolex, was recently terminated from employment with Eckerd. Detective Warren of the Norfolk Police Department responded to Wilson's phone call and suggested Wilson arrange for a meeting with Creech to further discuss the phone cards. Wilson arranged a meeting with Creech for 11 a.m. the next day, July 11, 1998, at an Eckerd Store in Norfolk.

The next day in the parking lot of the store, Detective Warren was approached by Creech, who asked if Detective Warren was Wilson. Detective Warren asserted that he was Wilson, and Creech and the Detective talked about the phone cards Creech had contacted Eckerd about selling back to the company. Detective Warren and Creech then proceeded inside the Eckerd store, came into the presence of Wilson, and continued discussing the sale of the phone cards to Eckerd. Creech was asked if he had the phone cards with him, whereupon Creech responded that they were in his car. Creech subsequently went to retrieve them. Upon returning to the store with the phone cards, Detective Warren and Wilson correctly identified themselves and Creech was placed under arrest for peddling without a license, in violation of Norfolk City Code § 24-25.3.

It is undisputed that an offer for the sale of phone cards was made in the presence of Detective Warren and that Creech was arrested for peddling without a license. Several factual scenarios are disputed, however, such as whether or not the actual offer of sale occurred outside of the Eckerd store, or whether it was part of the conversation that took place inside the store prior to Creech's being arrested. This dispute, however, is irrelevant to this Court's analysis of the law in regard to the instant issues.

Defendant Detective Warren asks that this Court sustain his Motion for Summary Judgment. Detective Warren asserts that an action for false arrest and false imprisonment cannot be maintained against him because the arrest and detention of Creech was lawful. Detective Warren contends that the knowledge he possessed and information he perceived gave him sufficient probable cause to arrest Creech for the misdemeanor committed in his presence.

Defendant Eckerd asks that this Court sustain its Motion for Summary Judgment. Eckerd contends that the statements of their agent, Wilson, to police are qualifiedly privileged, and thus, cannot be the basis of a claim for false arrest and false imprisonment. Eckerd asserts that Eckerd and its agent

had both an interest and a duty to report information to the police, who had a corresponding duty and interest to follow up on the information provided.

## I. *Qualified Immunity*

Recently in *Saucier v. Katz*, the United States Supreme Court addressed the issue of qualified immunity. No. 991977 (June 18, 2001). The Court stated that the qualified immunity examination is undertaken in order to acknowledge that "reasonable mistakes can be made as to the legal constraints on particular police conduct." *Id.* The Court held that where a defendant seeks qualified immunity, a court must undertake a two-step analysis to determine if such immunity applies. *Id.*

First, looking at the facts in a "light most favorable to the party asserting the injury," a court must decide "whether a constitutional right would have been violated on the facts alleged." *Id.* If no violation is found by the court, the inquiry ends, and the defendant is entitled to summary judgement based upon qualified immunity. *Id.*

Second, if a violation is found, the court must decide whether the right was "clearly established" based upon the specific facts presented in the case. *Id.* More succinctly, the dispositive inquiry must be "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* If the right was not clearly established or it would not be clear to a reasonable officer, in the same situation, that his conduct was unlawful, a court is entitled to grant summary judgment based upon qualified immunity. *Id.*

The *Saucier* court held that "[o]fficers can have reasonable, but mistaken, beliefs as to the facts establishing the existence of probable cause or exigent circumstances, for example, and in those situations courts will not hold that they have violated the Constitution." Moreover, even if an officer did violate the Fourth Amendment, the rule in *Anderson v. Creighton*, 483 U.S. 635 (1987), operates to give law enforcement immunity for "reasonable mistakes as to the legality of their actions." *Id.*

The *Saucier* court also addressed the issue of probable cause. In assessing whether or not a law enforcement officer had probable cause to make an arrest, the court reiterated that the inquiry undertaken must look at the "objective reasonableness" of the conduct based upon "the information the officers had when the conduct occurred." *Id.* Therefore, the court determines if probable cause existed at the moment the arrest was made, based upon the "facts and circumstances within their [law enforcement's] knowledge and of which they had reasonably trustworthy information." *Id.* Moreover, it must be

determined if the circumstances were such that it was "sufficient to warrant a prudent man in believing a crime had been committed." *Id.* (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)).

In the instant case, Creech asserts that he was falsely arrested and falsely imprisoned because Detective Warren did not have probable cause to arrest him, he was not subsequently charged with a crime, and no warrant was issued for his arrest. Detective Warren argues that he had a legal right to arrest Creech because the misdemeanor of "peddling without a license" was committed in his presence and, therefore, he had probable cause to arrest Creech.

Under *Saucier*, the first inquiry for this Court in determining if Detective Warren is entitled to qualified immunity is whether Creech's constitutional rights were violated by Detective Warren's actions. This Court first looked at the specific factual circumstances surrounding the instant case, in the light most favorable to Creech, to determine if based upon the factual allegations, Detective Warren violated Creech's constitutional rights by unlawfully arresting and imprisoning Creech.

In deciding if there was an unlawful arrest and false imprisonment of Creech, this Court first determined if Detective Warren had a legal right to arrest Creech. "It is firmly settled that a peace officer may legally arrest, without a warrant, for a misdemeanor committed in his presence. . . ." *Montgomery Ward v. Wickline*, 188 Va. 485, 489, 50 S.E.2d 387 (1948). In making the determination of whether an offense was committed in the officer's presence, the court must determine if the facts that the officer had would warrant a reasonable officer to believe that an offense was committed. *Beck v. Ohio*, 379 U.S. 89, 97 (1964). In *Yeatts v. Minton*, 211 Va. 402, 177 S.E.2d 646 (1970), the court held that an arrest is valid where the "officer had probable cause to believe that a misdemeanor was committed in his presence, even though the actions he observed did not in fact constitute a misdemeanor."

Probable cause exists if "at the moment the arrest was made . . . the facts and circumstances within their knowledge and of which they had reasonable trustworthy information were sufficient to warrant a prudent man in believing" that the person being arrested committed a crime. *Hunter v. Bryant*, 502 U.S. 224, 228 (1991) (quoting *Beck v. Ohio*, 379 U.S. 89 (1964)). "An offense is committed within the presence of an officer, within the meaning of this rule, when he has direct personal knowledge, through his sight, hearing, or other senses that it is then and there being committed." *Penn v. Commonwealth*, 13 Va. App. 399, 412 S.E.2d 189, 191 (1991) (quoting *Durant v. City of Suffolk*, 4 Va. App. 445, 447, 358 S.E.2d 732, 733 (1987)).

In the instant case, Detective Warren initially received information regarding the sale of phone cards from Wilson; he then conversed with Creech concerning the sale of the phone cards to Eckerd; and he was present during the presentment of the phone cards that Creech offered for sale to Eckerd. It is clear to this Court that based upon the trustworthy information, facts, and circumstances within Detective Warren's personal knowledge prior to the time of Creech's arrest, Detective Warren possessed sufficient probable cause to arrest Creech for peddling without a license. It was entirely reasonable for Detective Warren to believe that the act of peddling without a license was committed in his presence, and therefore, he had a legal right to arrest Creech in order to investigate the matter further.

On the facts presented, viewed in the light most favorable to Creech, this Court finds that Detective Warren had a reasonable basis to believe, and thus, probable cause to conclude that a crime was committed in his presence. Therefore, where Detective Warren made a lawful arrest of Creech, there can be no finding that Creech's constitutional rights were violated. As a matter of law, Detective Warren is consequently entitled to qualified immunity and this Court accordingly sustains Detective Warren's Motion for Summary Judgment.

## II. *Qualified Privilege to Communicate Without Repercussions*

A communication, made in good faith, on a subject matter in which the person communicating has an interest, or owes a duty, legal, moral, or social, is qualifiedly privileged if made to a person having a corresponding interest or duty.

*Smith v. Button*, 43 Va. Cir. 379, 382 (Richmond City 1997) (quoting *Taylor v. Grace*, 166 Va. 138, 144, 184 S.E. 211 (1936)).

The privilege is lost only if abused, and the statements made are then not protected. *Smalls v. Wright*, 241 Va. 52, 55, 399 S.E.2d 805 (1991). Qualified privilege is abused when:

(1) the defendant knew the statement was false or made it with reckless disregard of whether it was false or not; or

(2) the statement was deliberately made in such a way that it was heard by persons having no interest or duty in the subject matter of the statement; or

(3) the statement was unnecessarily insulting; or

(4) the language used was stronger or more violent than necessary under the circumstances; or

(5) the statement was made because of hatred, ill will, or a desire to hurt the plaintiff rather than as a fair comment on the subject.

*Id.*

In *Smalls*, the plaintiff complained to the Chief of the Newport News Police Department about the actions of an officer in issuing her a traffic summons. *Id.* at 53. Plaintiff alleged, in a letter to the police chief, that the officer lied and perjured himself in court regarding the circumstances of the violation. *Id.* at 53-54. Plaintiff stated that the officer was biased against her because she had an inter-racial marriage and bi-racial children. *Id.* The police officer subsequently filed a defamation action against the plaintiff and won. *Id.* at 54. Plaintiff appealed arguing that her letter to the police chief was qualifiedly privileged and could not be used against her in the defamation action. *Id.*

The Supreme Court of Virginia agreed that where the plaintiff had an interest in the subject about which she communicated to the police chief, who had a concurrent interest in the same subject, the communication was qualifiedly privileged. *Id.* at 55. However, the Court found that if any of the five factors restated above applied to the communication, the privilege would be lost and the communication would not be protected. *Id.*

Similarly, in the instant case, Wilson, an employee of Eckerd involved in risk management, contacted the Norfolk Police Department, and in particular Detective Warren. Based upon the facts presented, the matter about which Wilson communicated with Detective Warren was of interest to Wilson, as an agent of Eckerd, and about which Wilson, as risk management, had a duty to report. Likewise, Detective Wilson, as a law enforcement officer had an interest in and a duty to investigate the information that Wilson conveyed to him regarding suspicious activities. The facts show that Wilson held a reasonable belief that it was possible that the cards being offered for sale by Creech were stolen from one of Eckerd's Norfolk stores, and, at a minimum, had a good faith reasonable belief that the activity was suspicious. Thus, it was entirely appropriate for Wilson, as an agent of Eckerd, to report the facts and circumstances in the instant case to the Norfolk Police Department.

Nothing in the factual allegations of the pleadings, taken in the light most favorable to Creech, show that Eckerd or Wilson, "directed, advised, countenanced, encouraged, or instigated" the arrest of Creech. *Smith*, 43 Va. Cir. at 383-84. To the contrary, nothing in the facts indicates that Eckerd or Wilson did anything more than report suspicious activity and arrange a

meeting with Creech, at the direction of Detective Warren. Outside of noting that Eckerd reported his activities to the police, Creech failed to plead any facts that allow this Court to draw even an inference that Eckerd or Wilson caused his arrest. The lawful arrest of Creech was instigated solely by Creech's actions and was based upon what Detective Warren perceived.

Moreover, Creech failed to plead any facts that show that any of the five factors from *Smith* apply in the instant case. The facts alleged only show that Wilson contacted the police regarding suspicious activity and did nothing to direct, advise, or encourage the police to arrest Creech. Eckerd and Wilson had a duty to communicate with the police about a matter in which they had an interest and the police responded accordingly, as one with an interest and duty is required to respond.

Therefore, this Court finds that Eckerd's communications with the police department are qualifiedly privileged and, correspondingly, Eckerd's Motion for Summary Judgment is sustained as a matter of law.