## CIRCUIT COURT OF THE CITY OF RICHMOND

James A. Kay, Jr.

v.

A. L. Collins

April 9, 1996

Case No. LA-1038-4

By Judge Randall G. Johnson

This action for defamation is before the court on defendant's demurrer and motion for summary judgment. Plaintiff, a former employee of Philip Morris USA who was the victim of a reduction in force layoff, alleges that defendant, plaintiff's former supervisor at Philip Morris, made untrue, slanderous, and defamatory statements about him during a telephone conversation between defendant and Eileen De La Torre, an employee of a company hired by plaintiff to assist him in obtaining new employment. The telephone call was initiated by De La Torre and was for the stated purpose of obtaining an employment reference for plaintiff. As alleged in the amended motion for judgment, the conversation was as follows, the italicized portions being what plaintiff alleges to be defamatory:

Defendant: "Hello."

De La Torre: "Al Collins?"

Defendant: "Yes."

De La Torre: "I have a resume here from a former associate of yours, a James A. Kay, Jr., I would better understand how to work with him here, if I had a better understanding of what he did there."

Defendant: *"He didn't do much of anything here."*

De La Torre: "Did he work there?"

Defendant: "Yep."

De La Torre: "What was his title?"

Defendant: "Principal Engineer."

De La Torre: "Did he have any noteworthy accomplishments?"

Defendant: *"He spent an awful lot of time on things, but didn't accomplish much."*

De La Torre: "Did he supervise, or manage any other employees?"

Defendant: "He had that responsibility, but was never really good at it. I think you wouldn't want to deal with him."

De La Torre: "Was he a productive employee?"

Defendant: *"No."*

De La Torre: "How were his interpersonal skills with management, such as yourself?"

Defendant: *"He is a nice fellow to be a friend with, but never really got along here."*

De La Torre: "Were there any problems with attendance, or tardiness."

Defendant: "No."

De La Torre: "Did he give proper notice prior to leaving?"

Defendant: *"He was fired."*

De La Torre: *"Because of non-productivity?"*

Defendant: "Yep."

De La Torre: "To put you in the shoes of a potential employer would you hire James Kay, Jr.?"

Defendant: "Nope."

De La Torre: "Would that be because of his work habits or interpersonal skills?"

Defendant: "Both. Let's just leave it at that. Thank you."

De La Torre: "Alright, I will go ahead and move this on to the next step, unless there is something further you would like to add in his behalf."

Defendant: "*I don't think you want to deal with him.*"

De La Torre: "I will make a note of our discussion and I thank you for your time."

Defendant: "Okay. Bye."

## I. *Demurrer*

By demurrer, defendant argues that plaintiff failed to allege publication because he failed to identify the recipient of the information. Plaintiff has amended his motion for judgment to include De La Torre as the caller and recipient of these statements thus resolving this issue for the court. Defendant offers two remaining arguments as to why the demurrer should be sustained. First, defendant asserts that the pleading fails for lack of defamatory statements; that is, he contends that the statements constitute opinions and are incapable of defamatory meaning. Second, defendant argues that a qualified privilege covers any statements which he made regarding plaintiff.

A demurrer contests the sufficiency of a pleading. Claims for defamation are sufficient when they allege a publication of defamatory matter to a third party. *Thalhimer Bros. v. Shaw*, 156 Va. 863, 871, 159 S.E. 87, 90 (1931). *Gazette v. Harris*, 229 Va. 1, 8, 325 S.E.2d 713, 720 (1985). Statements are defamatory if they "prejudice the person in his or her profession or trade" and which relate to "skills or character" needed to perform his or her job. *Swengler v. ITT Corp.*, 993 F.2d 1063, 1071 (4th Cir. 1993) (applying Virginia law). Alleged defamatory statements which contain opinion and "statements which imply the existence of facts are actionable." *Swengler*, 993 F.2d at 1071. However, statements of opinion alone do not constitute defamation. *Chaves v. Johnson*, 230 Va. 112, 119, 336 S.E.2d 97 (1985). Whether a statement is one of slander or opinion is a matter for the court to decide. *Chaves*, 230 Va. at 119.

Many of the statements made by defendant cannot be objectively evaluated and, therefore, are not defamatory. For instance, De La Torre inquired

as to whether plaintiff had any noteworthy accomplishments, how were his interpersonal skills, and was there anything further. All of these questions could only, by their nature, be answered from the perspective of the respondent. Defendant answered accordingly, even though the responses were extremely negative in relation to the skills and character needed for any assignment. Although a majority of the comments were opinions, a few factual assertions were made. And as the United States Supreme Court has stated, statements containing both factual assertions and opinion "can cause as much damage to reputation as factual assertions." *Miklovich v. Lorain Journal Corp.*, 497 U.S. 1, 19, 110 S. Ct. 2695, 2706, 111 L. Ed. 2d 1 (1990).

Defendant's statements criticize plaintiff's work habits, productivity, and ability to work with others, thus casting a negative light on skills and character required in any job. As delivered, the combination of the opinions and factual assertions makes the conversation between defendant and De La Torre particularly harmful to the plaintiff's reputation. Due to the nature of the statements and their focus, the court finds that the comments are defamatory. Indeed, at least two of the statements can be tested for truth; they are whether plaintiff was fired and for what reason. In any event, taking the conversation as a whole, plaintiff has sufficiently pleaded a cause of action for defamation by alleging communication of defamatory statements to De La Torre.

Despite the fact that defamatory statements were communicated, defendant can avoid liability for making the statements if they were made on a privileged occasion and without malice. *Great Coastal Express v. Ellington*, 230 Va. 142, 153, 334 S.E.2d 846, 853 (1985); *Kroger Company v. Young*, 210 Va. 564, 569, 172 S.E.2d 720, 723 (1970). A communication, made in good faith, on a subject matter in which the person communicating has an interest, or owes a duty, legal, moral or social, is qualifiedly privileged if made to a person having a corresponding interest or duty. *Taylor v. Grace*, 166 Va. 138, 144, 184 S.E.2d 211 (1936). Such qualified privilege is lost, however, if plaintiff can prove, by clear and convincing evidence, actual malice; that is, that false statements were knowingly made, or that they were made with a reckless disregard for their truth or falsity. *The Gazette v. Harris*, 229 Va. 1, 8, 325 S.E.2d 713, *cert. denied*, 473 U.S. 905 (1985). Because this is a factual question that cannot be resolved on demurrer, and because the amended motion for judgment specifically alleges malice, this issue must be decided against defendant.

Defendant also asserts that an absolute bar exists to plaintiff's claim because his statements were made in response to an inquiry initiated on behalf of plaintiff himself; that is, that since plaintiff contracted with De La Torre's company to conduct the reference check, it was actually plaintiff who invited the making of the statements. Defendant relies on a Texas decision that a plaintiff cannot recover when a publication is authorized, procured, or invited by the plaintiff. *See Frank B. Hall, Inc. v. Buck*, 678 S.W.2d 612, 617 (Tex. Ct. App. 1984), *cert. denied* 472 U.S. 1009 (1985). That case, however, does not help defendant. In fact, while the *Hall* court did recognize the principle argued by the present defendant, it held that the plaintiff in that case did not authorize, procure, or invite the subject defamation because although the plaintiff could assume that defendant's employees would give their opinion when asked to do so in response to employment checks initiated by the plaintiff, "there is nothing in the record to indicate that [plaintiff] knew [defendant's] employees would *defame* him" when the inquiries were made. *Id.* (emphasis in original). Indeed, applying the reasoning of *Hall* to this case, defendant's argument must fail. Here, as in *Hall*, plaintiff alleges that the subject statements made by defendant are untrue and were made to a person hired to investigate his employment references. Like the investigator in *Hall*, De La Torre asked questions but did not solicit slanderous remarks from the employer. And just as in *Hall*, there is no indication at this point in the case that plaintiff expected slanderous or even negative remarks from defendant. Accordingly, no bar exists, at the demurrer stage, to plaintiff's claim.

## II. *Summary Judgment*

Defendant argues that he is entitled to summary judgment because there are no material facts in dispute in this case. Defendant offers five reasons to support his claim for summary judgment: (1) that there was no publication; (2) that if there was publication, plaintiff consented to it; (3) that the statements are opinions; (4) that a qualified privilege exists; and (5) that plaintiff has admitted that he was terminated from his position at Philip Morris, thus making defendant's statement that plaintiff was "fired" nondefamatory. Since the court has already discussed the issue of whether the subject statements are opinions, as well as the issue of qualified privilege, the remaining issues to be addressed are: publication, consent to the publication, and an admission by plaintiff that he was terminated.

Plaintiff bases his assertion that there was no publication on *Hall*, and on *Tedder v. Merchant's & Manufacturers Ins. Co.*, 251 F.2d 250 (4th Cir. 1958). As already discussed, however, *Hall* in no way stands for the proposition put forth by defendant. Indeed, on facts strikingly similar to those alleged here, the court in *Hall* specifically held that the issue of agency is relevant *only* if the plaintiff or his agent invited the defendant to make defamatory statements. As already discussed, that situation has not yet been shown to have existed here.

In *Tedder*, the court suggests in dicta that words spoken to an agent cannot be the subject of a slander suit by the principal because such words are in essence spoken to the principal himself or herself. While this statement may be accurate under the particular facts of *Tedder*, which need not be discussed here, it is not an accurate statement of general law. If it were, then a statement to an employee that his or her employer was a murderer and thief, even though made maliciously and with knowledge of its falsity, would not be actionable. Obviously, this is not true. At most, the law is as stated in *Hall*, that a defamatory statement to an agent is not actionable if the defamation is invited by the agent. Again, we simply do not know that at this stage of the case.

Defendant also claims that he is entitled to summary judgment because plaintiff consented to any publication to his agent. He relies upon *Smith v. Holley*, 827 S.W.2d 433 (Tex. Ct. App. 1958). That case, however, involved a *written* consent signed by the plaintiff which authorized the release of information concerning his employment. The written consent specifically provided:

> I hereby release *any individual,* including record custodians, from *any and all liability* for *damages of whatever kind or nature* which may *at any time* result to me on account of compliance, or any attempts to comply, with this authorization.

827 S.W.2d at 439-40 (emphasis in original).

There is no written consent here. To the extent a general unwritten consent constitutes a bar and to the extent an inquiry by a person hired by a former employee constitutes such consent, those issues, for the reasons already discussed with regard to "inviting" defamation, cannot be resolved now.

Finally, defendant argues that he is at least entitled to summary judgment as to his statement that plaintiff was fired because plaintiff has admitted in discovery that he was terminated in a layoff. The court disagrees.

There is a difference between being fired and being laid off, and that difference is one which is commonly understood by the average person. Being fired implies wrongdoing on the part of the employee. Being laid off does not. Moreover, defendant is alleged not only to have said plaintiff was fired, he also said plaintiff was fired for "non-productivity." Although defendant also argues that these words cannot be defamatory because they were contained in a question from De La Torre, the court sees no distinction in maliciously saying "John is a thief," and in maliciously answering the question "Is John a thief" by saying "Yes." This ground for summary judgment is also rejected.

For all of the reasons stated above, defendant's demurrer is overruled, and his motion for summary judgment is denied.