# CIRCUIT COURT OF THE CITY OF PETERSBURG

Douglas E. Jennings

    v.

Morris Jones

Case No. CL05-9

John F. Waldron

    v.

Morris Jones

Case No. CL05-10

October 7, 2005

BY JUDGE W. ALLAN SHARRETT

The Defendant raises several grounds upon which his Demurrer should be sustained. The Court will address each of these in the order in which they were raised in the Demurrer.

■

## I. *The Statements Alleged Are Not Defamatory*

"Under Virginia law, a plaintiff seeking to recover for defamation *per se* must allege a publication of false information concerning the plaintiff that tends to defame the plaintiff's reputation." *Hatfill v. New York Times*, No. 04-2561, United States Court of Appeals, 4th Circuit, p. 12, dec., July 28, 2005. Not all defamatory statements are express, and a defamatory charge may be made by "inference, implication, or insinuation." *Carwile v. Richmond Newspapers, Inc.*, 196 Va. 1, 6-7 (1954). "Words or statements which are not *per se* defamatory may nonetheless be actionable based on the context in which they were uttered." *Eslami v. Global One Communications, Inc.*, 48 Va. Cir. 17 (1999). In other words, the speech alleged to be defamatory must be considered in its context, for a text out of context is a pretext. Further, "[I]n determining whether the words . . . complained of . . . are reasonably capable of the meaning ascribed to them by innuendo, every fair inference that may be drawn from the pleadings must be resolved in the plaintiff's favor." *Hatfill*, at 7.

In the case at bar, the statements that the Plaintiffs allege were uttered by the Defendant, when taken in their context and in the light most favorable to the Plaintiffs, may reasonably be seen as ones that "impute unfitness to perform the offices or duties of employment, or lack of integrity in the discharge of those duties. . . ." *Hatfill*, at 4. They may, by innuendo or insinuation, imply that the Plaintiffs were either incompetent or dishonest in the performance of their duties. Hence, the statements alleged may reasonably be considered defamatory in their context; and this ground for the Demurrer is overruled.

## II. *The Statements Are Not Actionable under § 8.01-45, And Any Action under This Statute Is Subsumed by Common Law Defamation*

In addition to their common law defamation action, the Plaintiffs have brought suit under Section 8.01-45, Virginia's "fighting words" statute. The requirements for proof under the statutory scheme are the same as those for common law defamation, except that there is no requirement of publication, and the language used must be provocative. The Plaintiffs must prove that the words used "were such as to provoke violence or breach of the peace. . . ." *Allen & Rocks v. Dowell*, 252 Va. 439, 441-43 (1996).

In the instant case, for the reasons stated above, the words are otherwise actionable under common law defamation. The question becomes whether or

58

not this language sufficiently tends to violence or breach of the peace to make this, on its face, a jury question. The Court believes that it does and that the Plaintiffs have stated a cause of action upon which he can go forward. The statements attributed to the Defendant, made after the Plaintiffs had allegedly been cleared of any wrongdoing by three investigative bodies, and insinuating to the Plaintiffs either the incompetent or illegal performance of their duties, were such as may have provoked reasonable persons to breaches of the peace, and the Plaintiffs have so alleged in their Motions for Judgment. Whether or not this can be proven by the greater weight of the evidence is another matter; however, the Plaintiffs have stated sufficient facts on the face of the pleadings to enable them to survive a demurrer on this ground, as well as the ground set forth in paragraph 3 of the Demurrer.

> III. *The Statements Were Never Published,*
> *As They Were Revealed Only to Officials*
> *within the Petersburg City Government*

The statements are not required to be published in an action under Section 8.01-45. The question is whether or not they meet the "publication" requirement of common law defamation. While the statements clearly were communicated to a third party, in this case the assistant city manager, the inquiry does not end there, for the doctrine of "intracorporate immunity" affords a qualified privilege to communications between persons on a subject in which the persons have an interest or duty. This doctrine has been applied in "a number of cases involving defamatory statements made between co-employees and employers in the course of employee disciplinary or discharge matters." *Larimore v. Blaylock,* 259 Va. 568, 572 (2000). "Communications made in the context of an employment relationship are covered by this qualified privilege." *Jarrett v. Goldman,* 67 Va. Cir. 361 at 373 (2005). This privilege, however, is a qualified one, and may be defeated if a Plaintiff proves by clear and convincing evidence that the defamatory statements were made with common-law malice. *Chalkley v. Atlantic Coast Line RR.,* 150 Va. 301, 306 (1928). *See also, Larimore, supra,* at 572. Here, the Plaintiffs have alleged malice; and if proven, it would vitiate any qualified privilege. Thus, the Plaintiffs' pleadings have survived dismissal by demurrer based on this ground.

### IV. *The Statements Are Privileged, Having Been Made in the Course of a Judicial or Quasi-Judicial Proceeding*

Statements made in connection with judicial proceedings are absolutely privileged. *Renick v. Ratcliffe*, 149 Va. 618 (1927). This privilege also extends to proceedings of a quasi-judicial nature, *Katz v. Odin, Feldman & Pittleman, P.C.*, 332 F. Supp. 2d 909 (E.D. Va. 2004), and the Court is of the opinion that a disciplinary or grievance procedure may fairly be characterized as a quasi-judicial proceeding.

However, the Motion for Judgment alleges that the communication was made prior to the initiation of any disciplinary or grievance procedure. If true, they would not have been made *during* a disciplinary process, but rather *before* it, and judicial immunity would not attach. The Demurrer is overruled on this ground.

### V. *The Defendant Is Protected by Governmental Immunity*

The Plaintiffs have alleged malice that, if proven, would vitiate any defense of governmental or sovereign immunity.

### VI. *The Communication Was Privileged because the Responsibilities of his Office Required the Defendant to Relate Reports Concerning Police Department Activity*

The pleadings allege that the Police Department had already undertaken an investigation of the matter, and cleared the Plaintiffs of wrongdoing, so it is not apparent on its face that the Defendant was discharging a responsibility required of him by his office. Additionally, proof of malice, which the Plaintiffs allege, vitiates a governmental or quasi-governmental immunity defense.

### VII. *The Statements Are Opinion And Not Fact*

Pure expressions of opinion are protected under the First Amendment of the United States Constitution as well as by Article I, Section 12, of the Virginia Constitution, and cannot be the basis for a defamation action. *Chaves v. Johnson*, 230 Va. 112, 119 (1985). If a statement cannot be objectively

evaluated, it is one of opinion. If it is susceptible of objective evaluation, it is fact. *See Kay v. Collins*, 39 Va. Cir. 150 (1996). However, statements of fact that are made to support or justify such opinion may constitute actionable defamation. *Williams v. Garraghty*, 249 Va. 224, 233 (1995). The duty to determine whether a statement is fact or opinion lies with the court, and not with a jury, and such determination is a matter of law, not fact. *Chaves, supra*, at 119.

In the case at bar, while there may be some opinion in the alleged memorandum, it contains primarily facts, that is, statements which can be objectively evaluated, and any opinion expressed therein is based upon the facts stated. The Plaintiffs allege that the factual statements are false; and if this is the case, as statements of fact and not opinion, they are actionable as defamation. The Demurrer, accordingly, is overruled as to this ground.

## VIII. *The Statements Are Protected as Matters of Public Concern*

The basis for this ground was not fully developed by the Defendant; however, to the extent that it is an assertion of governmental or sovereign immunity, it is overruled, consistent with the reasoning earlier set forth herein.

In summary, then, the Court is of the opinion that the Demurrer of the Defendant ought to be, and the same is, overruled. As a matter of law, while the memorandum in question contains a mixture of opinion and fact, the facts form the basis for the opinions. The factual statements are alleged to be, either expressly or by inference or innuendo, defamatory, in that reasonable persons could interpret them as imputations of unfitness to perform, or lack of integrity in the discharge of, the duties of employment; and they are also alleged to be false. The statements are not, at this point, protected by sovereign, governmental, or judicial immunity, as malice has been alleged and, if proven, is a bar to these qualified privileges.

Likewise, the alleged statements are actionable under the "fighting words" statute, Va. Code § 8.01-45. They meet all the requirements of common-law defamation, and it is possible that a reasonable jury might find that the statements were such as might fairly be expected by reasonable people to tend towards violence or a breach of the peace.