## Richmond

CATHERINE H. SHUPE v. ROSE'S STORES, INCORPORATED.

November 27, 1972.

Record No. 7930.

Present, All the Justices.

*John H. Tate, Jr.* (*Gwyn & Tate*, on brief), for plaintiff in error.

*James P. Jones* (*Penn, Stuart & Eskridge*, on brief), for defendant in error.

I'ANSON, J., delivered the opinion of the court.

This action for libel, under the common law and the insulting words statute, Code § 8-630, was instituted by Catherine H. Shupe, plaintiff, against Rose's Stores, Incorporated, defendant, to recover compensatory and punitive damages. The case was tried to a jury, and at the conclusion of all the evidence defendant renewed its motion to strike out plaintiff's evidence. The motion was sustained by the trial court, and summary judgment was entered dismissing plaintiff's action.

The controlling question presented is whether the trial court erred in striking out plaintiff's evidence and dismissing her action.

The evidence shows that defendant operated a large retail store in the town of Marion, Virginia. There were twelve check-out counters located in the various departments of the store.

On April 3, 1970, C. W. Baldwin was in the shoe department of Rose's store, and he noticed a paper writing posted on the cash register in such a place that it was visible to anyone at the check-out counter. The wording of the notice was as follows:

"Do not accept from Catherine Shupe any checks, Master Charge, BankAmericard, or any charges. Mr. J. D. Shupe, Jr., will not be responsible."

Later on in the afternoon of that day Baldwin told his wife that he had seen the notice at Rose's store and she telephoned plaintiff and told her about it. Plaintiff called back, and at her request the Baldwins provided transportation to the store so she could see the notice herself.

When they arrived at the store they went to the cash register in the shoe department and plaintiff copied the wording of the notice down on a piece of paper. She complained to one of the assistant managers and asked to see the manager. While waiting to see the manager she found similar notices on two other cash registers at check-out counters. The manager advised plaintiff that the notices had been posted as a result of a conversation with her husband. While plaintiff was discussing the matter with the store manager the assistant manager removed the notices and destroyed them.

Plaintiff and her husband were having marital difficulties and were living separate and apart. In addition to the communication to the defendant, the husband had a notice inserted in a local newspaper stating that he would not be responsible for any debts other than those contracted by himself.

Plaintiff was employed as a bookkeeper and secretary. She said she was embarrassed, upset and nervous over the notice posted in the store and it was necessary for her physician to prescribe medicine for her nerves.

In *M. Rosenberg & Sons* v. *Craft*, 182 Va. 512, 29 S.E.2d 375, 151 A.L.R. 1095 (1944); *Carwile* v. *Richmond Newspapers, Inc.*, 196 Va. 1, 82 S.E.2d 588 (1954); and *Weaver* v. *Beneficial Finance Company*, 200 Va. 572, 106 S.E.2d 620 (1959), we held that in an action for libel or slander the common-law rules of slander are to be applied. We also said in *Carwile*, 196 Va. at 6, 82 S.E.2d at 591, that an action under the insulting words statute is either an action for libel or slander.

Thus our holdings in *Rosenberg, Carwile* and *Weaver* made it clear that all actions for libel and insulting words under the statute are to be treated as slander, even though the language used is defamatory on its face, and the common-law rules of slander are to be applied.

"At common law defamatory words which are actionable *per se* are: (1) Those which impute to a person the commission of some criminal offense involving moral turpitude, for which the party, if the charge is true, may be indicted and punished. (2) Those which impute that a person is infected with some contagious disease, where if the charge is true, it would exclude the party from society. (3) Those which impute to a person unfitness to perform the duties of an office or employment of profit, or want of integrity in the discharge of the duties of such an office or employment. (4) Those which prejudice such person in his or her profession or trade. All other defamatory words which, though not in themselves actionable, occasion a person special damages are actionable." *Carwile*, 196 Va. at 7, 82 S.E.2d at 591. See *Rosenberg*, 182 Va. at 518, 519, 29 S.E.2d at 378, 151 A.L.R. at 1097, 1098.

Plaintiff's counsel conceded in oral argument before us that the evidence presented does not fall within any of the four common-law classifications of defamatory words actionable *per se*, and that there was neither an allegation in the motion for judgment of special damages nor proof thereof, but he urges us to overrule *Rosenberg, Carwile* and *Weaver*. We know of no logical reason for overruling those cases and decline to do so.

Since the alleged defamatory language is not actionable *per se*, and there were no allegations or proof of special damages, the trial court did not err in striking out plaintiff's evidence and dismissing the action.

*Affirmed.*