## CIRCUIT COURT OF HENRICO COUNTY

Angelyn R. Williams

v.

Safeway Stores, Inc.

September 23, 1974

Case No. 1349

BY JUDGE E. BALLARD BAKER

The defendant has demurred and filed a Motion for Summary Judgment on the basis that the language alleged in the Motion for Judgment is not actionable per se nor does the plaintiff allege special damages. Shupe v. Rose's Stores, 213 Va. 374 at 376 (1972). Defendant further relies on the several cases stating that all actions for slander and insulting words under Virginia Code, § 8-630, are to be treated as slander, with common law rules to be applied.

If this is true, then Virginia Code, § 8-630, is without meaning, except that no publication is required. However, in W. T. Grant Co. v. Owens, 149 Va. 906 at 916 (1928), the Court says the effect of the statute is "simply to make a class of words actionable per se which were not so at common law." In Darnell v. Davis, 190 Va. 701 at 706-707 (1950), the Court seems to say the same thing and holds that to falsely accuse a person of trespass is an insult tending to violence and breach of peace. See also 47 Virginia Law Review 1116, at 1128-1129 (1961).

While I am inclined to agree that the words alleged in the Motion do not accuse the plaintiff of the commission of a criminal act involving moral

turpitude, it seems to me that § 8-630 still allows recovery for words which a jury may hold to be insulting and tending to violence.

The Motion for Judgment also mentions false imprisonment as a basis of the plaintiff's claim. While some question may be raised as to whether an action for insulting words and false imprisonment can be properly brought in the same sentence, and whether the allegations support false imprisonment, these points are somewhat beyond the reach of the demurrer and the Motion for Summary Judgment. As I believe that words can be insulting and actionable under Virginia Code, § 8-630, though not within the common law classifications, the defendant's position is denied.