Present:  Carrico, C.J., Compton, Stephenson, Hassell, Keenan, and Koontz JJ., and Whiting, Senior Justice

ALLEN & ROCKS, INC., ET AL.

v.      Record No. 952208

JAMES F. DOWELL

OPINION BY
SENIOR JUSTICE HENRY H. WHITING
November 1, 1996

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Michael P. McWeeny, Judge

The dispositive issue in this appeal is whether an action under the insulting words statute, Code § 8.01-45,[1] may be maintained absent proof that the insulting words were such as to "tend to violence and breach of the peace."  Since the plaintiff prevailed before the jury, we view the facts and reasonable inferences to be drawn therefrom in the light most favorable to him.

James F. Dowell, age 59, a long-time employee at will of Rocks Engineering Company was discharged without explanation by Ralph D. Rocks (Rocks), chairman of the boards of Rocks Engineering Company and Allen & Rocks, Inc., an affiliate of Rocks Engineering Company.  At the time of his discharge, Dowell managed properties owned by Allen & Rocks, Inc.

After unsuccessfully seeking other employment for a number of months, Dowell contracted with a company known as Documented Reference Check (DRC) to ascertain the kind of reference Rocks was giving to Dowell's prospective employers.  Eileen De La

---

[1] Code § 8.01-45 provides:

> All words shall be actionable which from their usual construction and common acceptance are construed as insults and tend to violence and breach of the peace.

Torre, an employee of DRC, spoke with Rocks on the telephone. Responding to her questions, Rocks stated that Dowell's accomplishments and interpersonal skills with management were unsatisfactory; that Dowell did not communicate well with Rocks; that Dowell had been discharged because of his performance; and that Rocks, were he in the shoes of a potential employer, would not hire Dowell.

Following this conversation, Dowell filed an action at law against Rocks, Allen & Rocks, Inc., and Rocks Engineering Company. In Count One, he alleged a discriminatory discharge because of his age in violation of the Virginia Human Rights Act, Code §§ 2.1-714 to 725. In Count Two, Dowell set forth a defamation claim. In Count Three, he pled a claim under the insulting words statute. Counts Two and Three allegedly arose from Rocks' telephone remarks.

When Dowell rested his case in a jury trial, the court sustained the defendants' motion to strike the evidence on Count Two on the ground that there had been no publication of the alleged defamatory remarks. The court overruled the defendants' motions to strike the evidence on the other two counts. Following presentation of the defendants' case, the jury returned verdicts for the plaintiff on both counts.

We awarded the defendants an appeal from the judgment entered on the jury's award of $250,000 compensatory and $80,000 punitive damages on the insulting words claim. The defendants

-2-

have not appealed a $50,000 judgment entered on the discriminatory discharge verdict, nor has the plaintiff appealed the action of the court in striking his claim arising under Count Two.

The defendants contend that the language Rocks used was not such as to provoke violence and breach of the peace, as required by Code § 8.01-45, and, accordingly, that the court should not have submitted the insulting words issue to the jury. The plaintiff responds that, except for its requirement of publication of the defamatory statements, the insulting words statute has been completely assimilated into the common law of defamation. From that premise, he concludes that a plaintiff is not required to show that the insulting words must also "tend to the level of violence." We disagree with the plaintiff.

We apply the plain meaning of clear and unambiguous statutes. Medical Center Hospitals v. Terzis, 235 Va. 443, 446, 367 S.E.2d 728, 730 (1988). Here, Code § 8.01-45 plainly requires that the words used must not only be insults, but they must also "tend to violence and breach of the peace."

The plaintiff maintains that our prior cases have obviated the statutory necessity of showing that the insults must be those that would lead to violence or breach of the peace. In support, the plaintiff quotes a number of statements from those cases indicating that the insulting words statute has been assimilated into the common law action for defamation.

-3-

Although these statements are contained in opinions which discuss either the insulting words statute, the common law of defamation, or both, the statements were made in contexts having little to do with the statutory requirement that the words used must "tend to violence and breach of the peace." Guide Publishing Company v. Futrell, 175 Va. 77, 88, 7 S.E.2d 133, 138 (1940) (trial court's power to review issue of improper innuendo); W.T. Grant Co. v. Owens, 149 Va. 906, 913, 141 S.E. 860, 863 (1928) (principal's liability for agent's insulting words uttered in the course of his employment); Carwile v. Richmond Newspapers, 196 Va. 1, 6-7, 82 S.E.2d 588, 591-92 (1954) (application of innuendo to defamation and insulting words counts); Shupe v. Rose's Stores, Inc., 213 Va. 374, 376, 192 S.E.2d 766, 767 (1972) (application of requirement of special damages to words not themselves actionable). Indeed, Carwile cites Darnell v. Davis, 190 Va. 701, 706, 58 S.E.2d 68, 70 (1950), which held that the words used must be "insulting and tending to violence and breach of the peace."

Nor are we persuaded by the plaintiff's assertion that in Crawford v. United Steel Workers, AFL-CIO, 230 Va. 217, 335 S.E.2d 828 (1985), cert. denied, 475 U.S. 1095 (1986), we "laid to rest the view that the words had to tend to breach the peace to be actionable under the Statute." We think that he misreads Crawford. There, we reversed a judgment for the plaintiff premised on certain insulting words that may have tended to

-4-

violence and breach of the peace because those words were uttered during a labor dispute and, considering the way in which the words were used, they were not actionable under the insulting words statute.  Id. at 234-35, 335 S.E.2d at 838-39.

Plaintiff cites three cases in support of his claim that false statements, which do not tend to violence, have been found actionable under the insulting words statute if defamatory per se because they tend to injure a person in his trade or profession.  However, the substantive issues in these cases were issues other than whether the plaintiff must show that the words used were such as to provoke violence or a breach of the peace.  Carwile, 196 Va. 1, 82 S.E.2d 588 (role of innuendo); Luhring v. Carter, 193 Va. 529, 69 S.E.2d 416 (1952) (qualified privilege); Kroger Grocery and Baking Co. v. Rosenbaum, 171 Va. 158, 198 S.E. 461 (1938) (scope of qualified privilege).

In summary, plaintiff cites no case in which we have said that any assimilation of the statutory cause of action for insulting words by the common law of defamation has eliminated the statutory necessity of showing that the words used were such as to provoke violence or breach of the peace, and we find none.[2]  Given the plain language of Code § 8.01-45, we hold that the

---

[2]  Montgomery Ward & Co. v. Nance, 165 Va. 363, 182 S.E. 264 (1935), cited by plaintiff for another principle, permitted a discharged employee to recover damages from his former employer based upon common-law defamation and the insulting words statute.  However, there, the issues raised were other than whether the insulting words were also required to be such as to tend to violence or breach of peace.

plaintiff was required to prove, and failed to prove, that the words Rocks used in the telephone conversation were such as tended to violence or breach of the peace.

Finally, the plaintiff contends that the jury, having found that he was discharged solely because of his age and not because his services were unsatisfactory, could have considered the language Rocks used in the telephone conversation to be false and, therefore, defamatory. Nonetheless, he fails to show how this language could be construed as that tending to violence and breach of the peace, as required in Code § 8.01-45. Nor do we think that reasonable persons could so construe that language.

Thus, we hold that the court erred in failing to sustain the defendants' motion to strike the plaintiff's evidence as to Count Three. Accordingly, we will reverse the judgment of the trial court with respect to Count Three and enter final judgment for the defendants.

<u>Reversed and final judgment</u>.