## CIRCUIT COURT OF MONTGOMERY COUNTY

Sharon D. Yeagle

v.

Collegiate Times

February 27, 1997

BY JUDGE RAY W. GRUBBS

Before the Court is defendant, Collegiate Times', Amended Demurrer to plaintiff, Sharon D. Yeagle's, Motion for Judgment in which she alleges defamation per se in Count I, defamation in Count II, and defamation actionable under § 8.01-45 of the Code of Virginia, as amended, in Count III.

It is elementary that the purpose of any demurrer is to test the sufficiency of the pleadings, admitting the truth of all material facts alleged and all reasonable inferences arising therefrom. In putting plaintiff's pleadings to such test, the Court finds as follows.

### Count I

Common law words which are actionable per se in Virginia have been set out in *Carwile v. Richmond Newspapers, Inc.*, 196 Va. 1, 82 S.E.2d 588 (1954), as follows:

> (1) Those which impute to a person the commission of some criminal offense involving moral turpitude, for which the party, if the charge is true, may be indicted and punished. (2) Those which impute that a person is infected with some contagious disease, where, if the charge is true, it would exclude the party from society. (3) Those which impute to a person unfitness to perform the duties of an office or employment of profit or want of integrity in the discharge of the duties of such an office or employment. (4) Those which prejudice such person in his or her profession or trade.

In examining the text in which the phrase "Director of Butt Licking" is found, the Court has closely scrutinized the context thereof and determines that no reasonable person would conclude that such title or phrase conveys factual information that Ms. Yeagle is accused of committing any crime, much less any "crime against nature" as found in § 18.2-361. Granted, the plaintiff is entitled, on demurrer, to any reasonable inference in her favor. However, the phrase is void of any literal meaning. It does not impute to her any criminal offense involving moral turpitude. Any reasonable person reading this title or hearing this title would not conclude that plaintiff was charged with a crime. The title, likewise, within its context, cannot reasonably be said to impugn her integrity; that through this title, she cultivates favors from others or directs those who do does not convey any factual information about her or her employment. It cannot be taken literally.

For these reasons, the demurrer as to Count I is sustained.

## *Count II*

As a matter of law, the phrase "Director of Butt Licking" is not actionable. As previously noted, it has no literal meaning. It is slang language implying the cultivation of favors from others. It would be unreasonable to interpret this title as conveying directly or by inference any defamatory, factual information about the plaintiff.

Ms. Yeagle was named in the article as the person responsible for coordinating the Virginia Governor's Fellows Program. It was a serious, noteworthy article about the placement of a record number of Virginia Tech students in this program. In reading this, it would be unreasonable for one to conclude that the title in such article was factual. The context plainly and clearly dispels any suggestion that the title conveys any factual information about the plaintiff. The title at issue is totally inconsistent with the context of the article. The use of the title is too absurd to be taken seriously.

Notwithstanding the above, Ms. Yeagle could easily find the use of this title to be personally offensive and repulsive. This Court certainly does not condone its use. Yet, any subjective embarrassment which she may experience does not, in and of itself, damage her reputation. In the context in which it was used, the title cannot be reasonably understood to convey factual information about her.

For these reasons, the demurrer to Count II is sustained.

*Count III*

As stated by the plaintiff in *Allen & Rocks, Inc. v. Dowell*, 252 Va. 439 (1996), the Virginia Supreme Court has held that in order to recover under § 8.01-45 (Insulting Words Statute), the plaintiff must prove the insulting language tends to violence and breach of the peace. Ms. Yeagle argues she has been accused of a crime and behavior that is insulting and tends to violence and breach of the peace. It would be unreasonable to reach this conclusion as no factual information about Ms. Yeagle has been conveyed in the title "Director of Butt Licking" to impute to her the commission of a crime and thereby sufficient for a finding that the words were insulting and tended to violence and a breach of the peace. Plaintiff's allegations hereunder are insufficient to state a cause of action.

For these reasons, the demurrer is sustained as to Count III, and the Court dismisses the plaintiff's action, without prejudice.