## CIRCUIT COURT OF BEDFORD COUNTY

D. A. Mills

v.

R. Louis Harrison, Jr.

April 7, 1998

Case No. CL9307

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to rule on the demurrer filed by the defendant. On April 2, 1998, the parties appeared in the Bedford County Circuit Court and presented argument on the issues raised by the demurrer. I took this matter under advisement. Upon consideration, I partially sustain the demurrer, and I partially overrule the demurrer. The specific rulings, and the Court's reasons for these rulings, are set forth below.

The plaintiff, Mr. Mills, asserts that he was defamed by the defendant, Mr. Harrison, by virtue of certain statements made in a newspaper article in the *Roanoke Times* published on January 7, 1997. The *Roanoke Times* published an article on the opposition to the reelection of Philip A. Wallace as a Juvenile and Domestic Relations District Court Judge. The article quoted various statements by Mr. Mills opposing the reelection of Judge Wallace. It also quoted two people supporting Judge Wallace, one of whom was Mr. Harrison, a Bedford County attorney. The article quoted Mr. Harrison as saying the following:

This is Jack Mills against the world.

Jack makes a profession of going around fighting government. If you read his letters, he's an anarchist. He wants no government, and he's made a practice of going against Judge Wallace.

The reason he's picked on Judge Wallace and the J&D court is that the court's powerless against him. Everything's confidential, so he's publishing his newsletters with half-truths and blatant lies, and no one in the court system is free to respond because they would be breaching the confidentiality of the children.

The demurrer of Mr. Harrison asserts that, because these statements are matters of opinion, they are not defamatory.

The Supreme Court of Virginia has held that statements of opinion are not actionable as defamatory words. *Chaves v. Johnson*, 230 Va. 112, 118, 335 S.E.2d 97 (1985). In order to be actionable, the words must "convey a false representation of fact." *Crawford v. United Steelworkers, AFL-CIO*, 230 Va. 217, 234, 335 S.E.2d 828 (1985). In *Williams v. Garraghty*, 249 Va. 224, 233, 455 S.E.2d 209 (1995), the Supreme Court of Virginia clearly held that expressions of opinion are protected from defamation actions:

It is firmly established that pure expressions of opinion are protected by both the First Amendment to the Federal Constitution and Article I, Section 12, of the Constitution of Virginia and, therefore, cannot form the basis of a defamation action. . . . Factual statements made to support or justify an opinion, however, can form the basis of an action for defamation. . . . It is for a court, not a jury, to determine as a matter of law, whether an alleged defamatory statement is one of fact or of opinion.

As noted in the quotation from *Williams v. Garraghty*, above, the Court must determine whether an alleged defamatory statement is one of fact or opinion. I find that the statements printed in the *Roanoke Times* article of January 7, 1997, are statements of opinion, not factual statements.

The language complained of must be read in connection with the whole newspaper article. *Carwile v. Richmond Newspapers*, 196 Va. 1, 9, 82 S.E.2d 588 (1954). The statements by Mr. Harrison, when read in the context of the entire article, are statements of opinion. Just as Mr. Mills opposed the reelection of Judge Wallace, Mr. Harrison supported the reelection of Judge Wallace. In that context, Mr. Harrison stated his opinion about the motives

and tactics of Mr. Mills. In the context of the entire article, citizens were expressing their individual opinions about the reelection of Judge Wallace.

In *Chaves v. Johnson*, 230 Va. 112, 335 S.E.2d 97 (1985), one architect sued another architect concerning defamatory words made in a letter to City Council. In essence, the defendant wrote that the other architect was inexperienced and his fees were excessive. The Supreme Court of Virginia held that these were not defamatory words because they were merely matters of opinion. *Id.* at 118. Likewise, the statements by Mr. Harrison that Mr. Mills is "against the world," "going around fighting government," is an "anarchist," and is "publishing his newsletters with half-truths and blatant lies," are statements of opinion. There are no factual representations in these quotes from Mr. Harrison. This is contrasted with the statements in *Williams v. Garraghty*, 249 Va. 224, 455 S.E.2d 209 (1995), where specific factual allegations were made.

Accordingly, the demurrer is sustained as to the statements published in the *Roanoke Times* on January 7, 1997, and these statements are dismissed as allegations in this suit.

In addition to the statements in the article of January 7, 1997, Mr. Mills asserts that Mr. Harrison has told citizens and his clients "that plaintiff has illegally taken money from the Marine Corps League and given it to Honor-Quest." The demurrer is overruled on this count.

Words which impute to a person the commission of some criminal offense involving moral turpitude, for which the party, if the charge is true, may be indicted and punished, are *per se* actionable defamatory words. *Great Coastal Express v. Ellington*, 230 Va. 142, 146, 334 S.E.2d 846 (1985); *Fleming v. Moore*, 221 Va. 884, 889, 275 S.E.2d 632 (1981); and *Shupe v. Rose's Stores*, 213 Va. 374, 375-76, 192 S.E.2d 766 (1972). For purposes of the demurrer, this Court must accept that what is pleaded in the motion for judgment is true. Accepting the pleadings as true for purposes of the demurrer, the plaintiff has pleaded a sufficient cause of action with the allegation that the defendant has told other persons that the plaintiff has illegally taken money from the Marine Corps League and given it to Honor-Quest. Accordingly, the demurrer is overruled as to this specific allegation.

The motion for judgment does not give to the defendant sufficient information about the remaining defamation allegation. Accordingly, I am directing that, within twenty-one days after the entry of the enclosed Order, the plaintiff file an amended motion for judgment that fully sets forth the date and place of the alleged slanderous statements and to whom these statements were made. Thereafter, Mr. Harrison may file such further responsive pleading as he deems proper to the amended motion for judgment. Mr. Harrison's

response should be filed within twenty-one days after the filing of the amended motion for judgment. Once these papers are filed, I want to have a pretrial conference with the parties.

*Order*

The demurrer of the defendant is partially sustained and partially overruled. The Court doth adjudge, order, and decree that the demurrer is sustained as to the following statements made by the defendant in the newspaper article published in the *Roanoke Times* on January 7, 1997, because they are statements of opinion rather than statements of fact:

> This is Jack Mills against the world.
> Jack makes a profession of going around fighting government. If you read his letters, he's an anarchist. He wants no government, and he's made a practice of going against Judge Wallace.
> The reason he's picked on Judge Wallace and the J&D court is that the court's powerless against him. Everything's confidential, so he's publishing his newsletters with half-truths and blatant lies, and no one in the court system is free to respond because they would be breaching the confidentiality of the children.

It is accordingly ordered that claims of the plaintiff based on the above statements are dismissed.

The demurrer is overruled as to the alleged statement by the defendant "that plaintiff has illegally taken money from the Marine Corps League and given it to Honor-Quest." Further, the plaintiff is ordered to file an amended motion for judgment furnishing the following additional information concerning the remaining defamatory allegation: date and place of allegation of slanderous statements and the person or persons to whom statements were made. This amended motion for judgment is ordered to be filed by the plaintiff within twenty-one days of the date of this Order. The Court doth further order that the defendant file any responsive pleadings he may deem appropriate within twenty-one days after the filing of the amended motion for judgment.

This matter is set for a pretrial conference on June 10, 1998, at 1:00 p.m. in the Circuit Court of Bedford County.

The Court incorporates by reference into this Order the opinion letter dated April 7, 1998, and that opinion letter is made a part of this Order.

Endorsement of the parties to this Order is dispensed with. The Clerk is ordered to send a certified copy of this Order to each of the parties.