**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

KATHY DICKENSON,
Plaintiff-Appellant,

v.                                                              No. 97-2548

WAL-MART STORES, INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Virginia, at Big Stone Gap.
 Glen M. Williams, Senior District Judge.
(CA-96-240-B)

Submitted: June 2, 1998

Decided: October 22, 1998

Before NIEMEYER and LUTTIG, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Timothy Worth McAfee, BLEDSOE & MCAFEE, Big Stone Gap,
Virginia, for Appellant. W. Bradford Stallard, PENN, STUART &
ESKRIDGE, Abingdon, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Kathy Dickenson appeals from the district court's order granting the Defendant's motion for summary judgment on her civil complaint alleging that Defendant violated Virginia's insulting words statute.**1** Finding no reversible error, we affirm.

Dickenson worked as an assistant manager at the Wal-Mart store in Norton, Virginia. On May 2 and May 3, 1996, two bomb threats were made against the store while Dickenson was on duty. Dickenson complained about a migraine headache following the second bomb threat and went to the service desk to ask for some headache medicine.**2** The employee at the service desk gave Dickenson personal prescription pills that she (the other employee) took for pain. Although Dickenson accepted the pills, she later decided not to ingest them because she did not recognize them as normal over-the-counter medication.

Dickenson was summoned to the manager's office when she arrived at work the next day. In addition to Dickenson and the store manager, the district manager and the district loss prevention manager (Cindy Pope) were also present. Dickenson alleges that Pope berated her for taking prescription pills which did not belong to her, in violation of the company's drug policy. When Dickenson produced the pills and said she had not taken them, Pope allegedly told Dickenson that simply possessing the pills, which she claimed were Schedule II narcotics, was a federal offense and a felony and that Dickenson would probably go to jail.**3** Pope's accusations form the basis for Appellant's claims.

_____

**1** Va. Code Ann. § 8.01-45 (Michie 1992). Dickenson also alleged defamation and intentional infliction of emotional distress in her complaints. However, on appeal, she challenges only the court's grant of summary judgment on her insulting words claim, expressly abandoning all other claims. (Appellant's brief at 3).

**2** The record discloses that employees routinely went to the service desk to receive over-the-counter medicine for headaches.

**3** It is undisputed that Pope incorrectly identified the pills in question as Schedule II narcotics. In addition, possession of these particular pills was not a felony.

Summary judgment is appropriate when there is "no genuine issue of material fact," given the parties' burdens of proof at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Fed. R. Civ. P. 56(c). In determining whether the moving party has shown that there is no genuine issue of material fact, we must assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party. See Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). We review a grant of summary judgment de novo. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). In the present case, we find that the district court properly granted Defendant's motion.

Virginia's insulting words statute provides that:"All words shall be actionable which from their usual construction and common acceptance are construed as insults and tend to violence and breach of the peace." (emphasis added). Dickenson alleges that the statute "has been interpreted by Virginia courts to be virtually co-extensive with the common law action for defamation." See Dwyer v. Smith, 867 F.2d 184, 195-96 (4th Cir. 1989). Relying on Dwyer and various state court opinions, Dickenson alleges that Pope's false accusations were defamatory per se and malicious in nature, that Wal-Mart was not entitled to the defense of corporate immunity, and that Wal-Mart abused its qualified privilege. We decline to address these allegations because we find that the district court properly granted summary judgment on the ground that Dickenson failed to present any evidence that Pope's accusations, even if defamatory, tended to violence or a breach of the peace. See Allen & Rocks, Inc. v. Dowell, 477 S.E.2d 741, 742-43 (Va. 1996) (holding that recovery under the statute requires that the words used not only be insulting but must also tend to violence and a breach of the peace).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3