# CIRCUIT COURT OF CHESTERFIELD COUNTY

Cobbs

v.

Commonwealth of Virginia et al.

January 31, 2001

Case No. CL98-1079

BY JUDGE HERBERT C. GILL, JR.

The parties, by counsel, were before the Court on October 27, 2000, upon the defendants' demurrer to all counts of the plaintiff's motion for judgment. The Court took this matter under advisement and granted the defendants' request to file transcripts from the October 27, 2000, and July 28, 2000, hearings. The Court requested the transcripts within ten days. The Court received the transcripts on December 5 and December 7, 2000. The Court thanks all parties for their thorough and comprehensive memoranda of the issues. After review and consideration of the applicable case law, memoranda and arguments of counsel, transcripts and file, the Court rules as follows.

*Plea in Bar: Statute of Limitations*

Defendant Commonwealth filed a plea in bar claiming the statute of limitations bars plaintiff's defamation and insulting words claims under the applicable statute of limitations and the Virginia Torts Claim Act. Defendant

Commonwealth disputes that it is liable under the Virginia Tort Claims Act. *See* Br. in Supp. of Commonwealth of Virginia's Dem. and Special Pleas, p. 4.

According to both Virginia Code §§ 8.01-247.1 and 8.01-195.6, the applicable statute of limitations for a defamation claim is one year after the cause of action accrues. Since the plaintiff filed her Motion for Judgment on November 3, 1998, the Court cannot consider any alleged claims of defamation before November 3, 1997. Moreover, if the Commonwealth is liable under the Virginia Torts Claim Act, the Court cannot consider any alleged instances of defamation before November 3, 1997. Plaintiff states in her Mem. "Pl.'s Opp'n to Def. Commonwealth of Virginia's Dem. and Special Pleas," that the appropriate Notice required by the Virginia Tort Claims Act was mailed on November 3, 1998.

### *Demurrer Standard of Review*

A demurrer tests the sufficiency of factual allegations to determine whether the plaintiff's pleadings state a valid cause of action. *See Riverview Farm v. Board of Supervisors*, 259 Va. 419, 427, 528 S.E.2d 99 (2000); *Fun v. Virginia Military Inst.*, 245 Va. 249, 252, 427 S.E.2d 181 (1993). When ruling on a demurrer, the applicable standard of review is for the Court to determine whether the factual allegations in the pleadings are sufficient to state a cause of action. The Court is required to accept the truth of material facts that are properly pleaded, impliedly alleged, and facts which may be fairly inferred from the alleged facts. *See Plummer v. Center Psychiatrists*, 252 Va. 233, 476 S.E.2d 172 (1996).

Plaintiff's motion for judgment contains nine different counts for relief. The Court shall consider each count separately.

### *Count I: Defamation*

In paragraph 18 of the Motion for Judgment, plaintiff alleges "faculty members" called her a "troublemaking Republican" and "traitor to her race." Plaintiff does not allege the defendants made these statements, but merely references the statements. The Court finds these two statements are factually insufficient to state a valid cause of action against the defendants. Therefore, the Court sustains the demurrer as to these two statements.

Virginia recognizes two types of actionable defamation: defamation *per se* and defamation with proof of special damages. At common law, defamatory words are actionable *per se* if (1) they impute to a person the commission of

some criminal offense involving moral turpitude, (2) they impute to a person infection of some contagious disease, (3) they impute to a person unfitness to perform a job, and (4) they prejudice a person in his profession or trade. *See Fleming v. Moore*, 221 Va. 884, 275 S.E.2d 632 (1981). Words that do not rise to the level of defamation *per se* are still actionable based on the context in which they were uttered. *See id.* at 889 and 894.

In *Yeagle v. Collegiate Times*, 255 Va. 293, 497 S.E.2d 136 (1998), the Virginia Supreme Court addressed whether a trial court had correctly dismissed a defamation action when the phrase at issue could not have reasonably been interpreted as stating actual facts about the plaintiff as a matter of law. *See Yeagle*, 255 Va. 293 at 294, 497 S.E.2d 136 (1998). The Court reiterated that it is the trial judge's responsibility to determine, as a matter of law, whether the words at issue "fall within the type of speech which will support a state defamation action" (*Yeagle*, 255 Va. at 296) and whether the words are defamatory *per se* because they fall within one of the defamation *per se* categories. *See id.* Speech which does not contain a provably false factual connotation, or which cannot be reasonably interpreted as stating actual facts about a person, cannot form the basis of a common law defamation action. *See id.*, quoting *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 16-17, 20, 110 S. Ct. 2695, 111 L. Ed. 2d 1 (1990).

The plaintiff alleges Hayes defamed her by stating the following: "you don't know this woman [Dr. Cobbs]," "she is uncooperative," "she has more trouble with me than anyone else in the department," "she is always doing what she wants to do," "let me tell you about her," "in detail, what Mrs. Cobbs is really like," and plaintiff was "mean." Hayes allegedly uttered these words at the School of Liberal Arts and Education Honors Recognition program and reception in the presence of a parent, students, and the Interim Dean, defendant Creighton.

The plaintiff's second alleged instance of defamation is defendant Diggs's statement to Dr. Darrell Talley, National President of the Alpha Delta Mu Social Work Honor Society, that the plaintiff was "crazy." Diggs allegedly uttered this statement while on a National Association of Social Workers trip to Africa.

Viewing all the facts in favor of the plaintiff, the Court finds both statements could constitute the basis for a defamation claim. Unlike the statement in *Yeagle*, the statements in the case at bar appear to be factual statements capable of a defamatory meaning. The statements in their ordinary meaning convey information that may impugn plaintiff's reputation as a professor, especially in the context in which they were uttered.

Therefore, the Court finds the statements of Hayes and Diggs in Count I of plaintiff's Motion for Judgment legally sufficient to proceed with a defamation claim. The Court overrules the defendants' demurrer as to these statements.

### Count II: Insulting Words

The Virginia Code requires two criteria for an action for insulting words: (1) the words are construed as insults from their usual construction and common acceptance and (2) the words tend toward violence and breach of the peace. Va. Code Ann. § 8.01-45 (Michie 2000). In *Allen and Rocks v. Dowell*, 252 Va. 439, 477 S.E.2d 741 (1996), the Virginia Supreme Court held an action for insulting words cannot be maintained absent proof that such words tend toward violence and breach of the peace. *See Dowell*, 252 Va. 439 at 442, 477 S.E.2d 741 (1996).

Plaintiff's Count II simply states that the words used by the named defendants are construed as insults and tend toward violence and breach of the peace. The Court finds the plaintiff's pleadings satisfy the first criteria of § 8.01-45 of the Virginia Code. After reviewing the facts in the light most favorable to the plaintiff, however, the Court finds the pleadings do not satisfy the second criteria of § 8.01-45. The factual allegations in the pleadings are not sufficient to state a cause of action for insulting words. Therefore, the Court sustains the defendants' demurrer to Count II.

### Count III: Tortious Interference with Employment and Economic Opportunities

In *Chaves v. Johnson*, 230 Va. 112, 335 S.E.2d 97 (1985), the Court stated the right to perform a contract is a property right entitled to protection in the courts. *See Chaves*, 230 Va. 112, 335 S.E.2d 97 (1985). The four elements for a prima facie claim of tortious interference are: (1) existence of a valid contractual relationship or business expectancy; (2) knowledge of the relationship or expectancy on the part of the interferor; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted. *See Chaves*, 230 Va. at 113.

Count III alleges the defendants, Moore, Dawson, Creighton, Hayes, Diggs, and McClenney, conspired to tortiously interfere with the plaintiff's Virginia State University (VSU) employment contract as to proximately cause the plaintiff damage.

The defendants, in their memorandum, state three reasons why the plaintiff's allegations fail to state a claim for tortious interference as a matter of law. First, the defendants state the alleged actions are not subject to judicial review. Defendants allege the complained of actions were simply administrative and personal decisions by the defendants, not subject to judicial review. The Court rejects this argument. The Motion for Judgment states the defendants "utilized improper methods in their tortious interference with Plaintiff's employment and employment opportunities including, but not limited to, civil conspiracy, defamation, misuse of confidential information, intimidation, misrepresentation." Pl.'s Mot. for J., paragraph 62. The plaintiff clearly states various actions which are not "administrative and personal decisions." Moreover, whether all the actions of the defendants were administrative is a question for the finder of fact and not with the Court at this stage on demurrer. The Court may only consider whether the factual allegations, taken as true, allege sufficient facts to proceed with a valid cause of action.

The defendants' second reason why the plaintiff cannot recover is the claim that the plaintiff has not suffered any damages. Again, the Court rejects this argument. The plaintiff alleges various damages including loss of income and loss of employee benefits. Although plaintiff has not lost her job, her action alleges other damages the defendants caused by tortiously interfering with her ability and capacity to do her job. Pl.'s Mot. for J., paragraph 64.

Lastly, the defendants' argue they could not interfere with their own contract because only a third party can tortiously interfere with another's contract or employment opportunity. Plaintiff alleges defendants were agents of VSU and working within the scope of their employment in paragraphs 4 through 9 and 43. The plaintiff, however, states in paragraph 22 that the defendants were working outside the scope of their employment "by using improper methods to intentionally interfere with plaintiff's expectation of continued employment with the VSU." Pl.'s Mot. for J., paragraph 62. The defendants contend the plaintiff cannot plead inconsistent theories and contradicting allegations and, therefore, cannot go forward on her Motion for Judgment.

Making all reasonable inferences to the plaintiff's facts, the Court rejects the defendants' third argument. The Court finds it reasonable to infer the defendants were acting within the scope of their employment when the defendants made various administrative decisions, which negatively affected the plaintiff. However, plaintiff's allegations of improper methods against defendants, such as civil conspiracy, defamation, misuse of confidential information, are not within the scope of defendants' employment. The Court

must take as the truth plaintiff's allegation that defendants were acting outside the scope of their employment when they employed such improper methods. Although the plaintiff's pleadings are conflicted, the reasonable inference of the plaintiff's pleading is clear. Therefore, the Court finds plaintiff's Count III of her Motion for Judgment is sufficient and overrules the defendants' demurrer to this count.

### Count IV: Common Law Conspiracy

Common law conspiracy consists of two or more persons combined to accomplish, by some concerted action, some criminal or unlawful purpose or some lawful purpose by a criminal or unlawful means. *See Commercial Business v. BellSouth*, 249 Va. 39, 453 S.E.2d 261 (1995). The question of whether a conspiracy caused damage to the plaintiff is a question for the jury. *Id., see also Middlesboro v. Campbell*, 179 Va. 693, 20 S.E.2d 479 (1942). Common law conspiracy also recognizes a cause of action even when one of the alleged conspirators is a party to the contract. *See CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 431 S.E.2d 277 (1993).

Virginia Code §§ 18.2-499 and 18.2-500 govern claims based on a conspiracy to injure another in reputation, trade, business, or profession. For a plaintiff to recover under § 18.2-499 and § 18.2-500, he must prove that a combination of two or more persons, "for the purpose of willfully and maliciously injuring another in his reputation, trade, business, or profession," injured him in his reputation, trade, business, or profession by such conspiracy. Va. Code Ann. §§ 18.2-499 and 18.2-500 (Michie 2000).

Plaintiff alleges defendants, Moore, Dawson, Creighton, Hayes, Diggs, and McClenney conspired among themselves to terminate her employment and interfere with her employment at VSU. Pl.'s Mot. for J., paragraph 21. Plaintiff also alleges the defendants conspired as agents of VSU. Pl.'s Mot. for J., paragraph 43. The plaintiff lists various instances of alleged conspiracy, specifically in paragraphs 21, 34, 36, 37, and 43.

The defendants argue that the plaintiff's claim for conspiracy fails because it represents a legal impossibility, the allegations fail to establish a prima facie case, and the plaintiff fails to plead with requisite particularity. *See* Defs. Memo. "Memo. of Law in Supp. of Dem.," pp. 22-24.

As to the defendants' argument that conspiracy among the defendants represents a legal impossibility, the reasonable inference that the defendants were working outside the scope of their employment is clear. *See* Pl.'s Mot. for J., paragraph 65. Whether or not the defendants were actually working in

or outside the scope of their employment is not a question for the Court at this stage.

The Court rejects the defendants' second argument and finds the plaintiff's allegations are sufficient to survive a demurrer. The plaintiff alleges various actions the defendants undertook to interfere with her employment at VSU in a concerted manner.

The defendants cite to *Bowman v. State Bank of Keysville*, 229 Va. 534, 331 S.E.2d 797 (1985), and state the plaintiff must plead specific facts supporting each element of his or her claim. *See Bowman*, 229 Va. 534, 331 S.E.2d 797 (1985). The *Bowman* Court held that plaintiffs' Motion for Judgment was devoid of any factual allegations to support a conspiracy theory and thus insufficient to survive a demurrer. The Court did not conclude that all conspiracy claims must be pleaded with particularity but that the case before them was conclusory and could not support a conspiracy claim, even based on inferences fairly and justly drawn from the facts. *See Bowman*, 229 Va. at 541. Moreover, in *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 431 S.E.2d 277 (1993), the Court in consideration of a conspiracy claim stated the following:

> When a motion for judgment or a bill of complaint contains sufficient allegations of material facts to inform a defendant of the nature and character of the claim, it is unnecessary for the pleader to descend into statements giving details of proof in order to withstand demurrer. And, even though a motion for judgment or a bill of complaint may be imperfect, when it is drafted so that the defendant cannot mistake the true nature of the claim, the trial court should overrule the demurrer; if a defendant desires more definite information, or a more specific statement of the grounds of the claim, the defendant should request the court to order the plaintiff to file a bill of particulars.

*CaterCorp, Inc.*, 246 Va. 22 at 24, 431 S.E.2d 277 (1993) (citations omitted).

The Court finds Count IV of plaintiff's Motion for Judgment is sufficiently pleaded to allege a cause of action for common law conspiracy. The Court overrules the demurrer to Count IV.

*Count V: Intentional Infliction of Emotional Distress*

To recover damages under a claim of intentional infliction of emotional distress, the plaintiff must plead the following with the requisite degree of specificity: (1) defendant's conduct is intentional or reckless; (2) the conduct

is outrageous and intolerable; (3) the alleged conduct and emotional distress are causally connected; and (4) the distress is severe. *See Russo v. White*, 241 Va. 23, 400 S.E.2d 160 (1991).

The defendants' argue the plaintiff failed to sufficiently allege the requirements. for an intentional infliction of emotional distress claim. First, defendants contend the defendants' conduct was not intentional or reckless because "every day, people are demoted or removed from positions in which they have invested a great deal of time, energy, and emotion." Defs.' Mem. in Supp. of Dem., p. 29. Second, defendants contend plaintiff's allegations, taken as true, "simply suggest that the Individual Defendants treated the plaintiff improperly based on her political beliefs and political affiliation" and there is no "outrageous and intolerable" element. *Id*. Third, defendants argue the plaintiff's emotional distress is not severe.

The Court finds the plaintiff's claim for intentional infliction of emotional distress is sufficient to withstand a demurrer. The plaintiff's allegations do not constitute mere employment actions, but various actions to specifically interfere with plaintiff's employment and ability to perform her contract because she was a "black Republican employee." Pl.'s Mot. for J., paragraph 82. Taking the plaintiff's allegations as true, the Court finds that continually harassing a co-worker because of one's race *and* political beliefs is outrageous and intolerable.

As to whether the plaintiff suffered severe emotional distress, plaintiff alleges she sought and received psychological and medical treatment as a result of the defendants' actions. Pl.'s Mot. for J., paragraph 46. She also alleges a loss of income and employment opportunities. Thus, this Court can conclude that plaintiff's allegation of the emotional distress is sufficient to satisfy the fourth element for a claim of intentional infliction of emotional distress.

Defendant Commonwealth argues that, under the doctrine of *respondeat superior*, the Commonwealth is not liable for its employees unless the plaintiff alleges facts demonstrating the employer ratified the alleged intentional acts of its employees. *See Cain v. Commonwealth*, 1997 WL 1070529 (Va. Cir. 1997). The Court finds that the plaintiff's allegations fail to allege that the Commonwealth ratified such acts and thus sustains only defendant Commonwealth's demurrer to Count V.

*Count VI: Negligent Hire and Retention of Employment*

In *Southeast Apartments Management v. Jackman*, 257 Va. 256, 513 S.E.2d 395 (1999), the Court considered both negligent hiring and negligent

retention of an employee. *See Jackman*, 257 Va. 256, 513 S.E.2d 395 (1999). The liability of both these torts are predicated on whether the defendant knew or should have known that its employees would pose an unreasonable risk of harm to others.

Taking all of the plaintiff's allegations as true, the Court finds that Count VI is insufficient to withstand a demurrer. Specifically, the plaintiff fails to allege how the defendant Commonwealth knew or should have known that the defendants had "a long history of inappropriate retaliation against those with differing political views." Pl.'s Mot. for J., paragraph 76. Simply stating that the defendant failed to adequately investigate defendant employees' background is insufficient to withstand a demurrer. Therefore, the Court sustains the demurrer to Count VI.

### Count VII: Title VII Violations

Plaintiff contends the individual defendants, as agents of the defendant Commonwealth, engaged in discriminatory conduct based upon her race and political affiliation. Pl.'s Mot. for J., paragraph 17. Defendants argue plaintiff's allegations arise strictly because of her political affiliation, which Title VII does not protect. Whether or not the defendants discriminated against plaintiff because she was black or because she was a Republican is a question for the finder of fact, not for the Court.

The Court finds plaintiff's factual allegations state a sufficient cause of action and therefore overrules the defendants' demurrer.

### Count VIII: Constitutional Claims

Plaintiff asserts a damages claim under 42 U.S.C. § 1983 for the deprivation of rights against the individual defendants for actions the defendants took under color of state law and not in their official capacities. Pl.'s Memo. in Op. to the Dem., pp. 5-6. Defendants claim that any actions were taken in their official capacities and they are therefore immune under 42 U.S.C. § 1983. Whether the defendants are entitled to qualified immunity is not a question for the Court at this stage on demurrer.

The defendants also argue the claims are time barred because of the two year statute of limitations for such claims. The plaintiff argues defendants' conduct was serial and/or systematic, and thus a continuing violation. Plaintiff's Motion for Judgment alleges various actions by the defendants for which she provides no dates. *See* Pl.'s Mot. for J., paragraphs 27, 28, 29, and 33. Many of the alleged instances begin in 1996 and continue to the filing date

of the Motion for Judgment. Any sort of serial or systematic pattern of alleged discrimination began in 1996. Therefore, the Court bars any alleged instances before 1996.

The Court finds that plaintiff's claims under 42 U.S.C. §§ 1981 and 1983 are factually sufficient to withstand a demurrer.

### Count IX: Freedom of Information Act

Virginia Code § 2.1-346 details the proceedings when one is denied a request under the Freedom of Information Act. Va. Code Ann., Title 2.1, Chapter 21 (Michie 2000). The Code states that a petition for mandamus or injunction, supported by an affidavit showing good cause, may be filed to proceed to enforce such rights and privileges. *See id.* The affidavit signals to the Court whether or not good cause exists. If the affidavit is not filed with petition, the Court is not in a position to evaluate and to enforce the petition for mandamus or injunction. Therefore, the Court finds that the plaintiff's claim under Count IX must be overruled for her failure to comply with the enforcement proceedings for Title 2.1, Chapter 21, of the Virginia Code.

### Conclusion

In summary, the Court sustains defendants' statute of limitations plea with reference to statements uttered before November 3, 1997. It overrules the demurrer to Count I of defendants Hayes' and Diggs's statements. The Court sustains the demurrer to all of Count II, Count VI, and Count IX. The Court overrules the defendants' demurrer to Count III, Count IV, Count V, Count VII, and Count VIII.