# CIRCUIT COURT OF THE CITY OF ROANOKE

Lorette Lemond

v.

Viamac, Inc.,
t/a Western Sizzlin

June 4, 2001

Case No. CL00-718

BY JUDGE CLIFFORD R. WECKSTEIN

According to the pleadings, the plaintiff, Lorette Lemond, is a former employee of the defendant, Viamac, Inc. The defendant operates a number of restaurants. In a two-count motion for judgment, Lemond claims damages against Viamac for violation of Virginia's "insulting words statute," Virginia Code § 8.01-45, and for defamation. Viamac has demurred to both counts.

In her pleadings and in a written bill of particulars, Lemond asserts that, on January 27, 2000, and numerous times thereafter, the general manager of the restaurant at which she worked for Viamac stated, "Lorette is no longer with us. Gave away liquor," and "You [Lemond] gave away two drinks and potatoes to friends." The plaintiff states that the statements were published in a calendar book available to employees and were made to S. Belcher, K. Jury, M. Riddle, other employees of the defendant, and to Lemond herself.

A demurrer "tests the sufficiency of factual allegations to determine whether the motion for judgment states a cause of action." *Fun v. Virginia Military Inst.*, 245 Va. 249, 252, 427 S.E.2d 181 (1993). When considering

demurrers, the court must treat the plaintiff's factual assertions as true, giving to her the benefit of all inferences that fairly can be drawn from the facts alleged; the court also must assume the truth of all assertions of fact that can be "fairly and justly inferred" from her pleadings. However, the plaintiff is not entitled to have the court assume that her legal theories are correct. *Breeding v. Hensley*, 258 Va. 207, 211-12, 519 S.E.2d 369 (1999); *Runion v. Helvestine*, 256 Va. 1, 7, 501 S.E.2d 411 (1998); *Ward's Equipment, Inc. v. New Holland North Am., Inc.*, 254 Va. 379, 383, 493 S.E.2d 516 (1997); *Rosillo v. Winters*, 235 Va. 268, 270, 367 S.E.2d 717, 717 (1988). In a defamation suit, "while 'every fair inference' in a pleading may be used to determine whether the words complained of are capable of a meaning ascribed by innuendo, inferences cannot extend the statements, by innuendo, beyond what would be the ordinary and common acceptance of the statement." *Yeagle v. Collegiate Times*, 255 Va. 293, 297, 497 S.E.2d 136 (1998). Upon consideration of the pleadings, the memoranda and arguments of counsel, and the decided authorities, the court sustains the demurrer to the claim for insulting words, but overrules the demurrer to the defamation claim.

Count I of the motion for judgment asserts a claim under Va. Code § 8.01-45. That statute reads:

> All words shall be actionable which from their usual construction and common acceptance are construed as insults and tend to violence and breach of peace.

The general manager's words, the plaintiff asserts, impugn her integrity and are defamatory *per se*. Even assuming, on demurrer, that this is so, the plaintiff has not stated a cause of action under Va. Code § 8.01-45.

It is true, as the plaintiff notes, that the common law rules that apply to defamation cases, libel and slander cases, are to be applied in actions for insulting words. *Shupe v. Rose's Stores*, 213 Va. 374, 375-76, 192 S.E.2d 766 (1992). However, this statute, which was once called "the anti-dueling act," *Luhring v. Carter*, 193 Va. 529, 530, 69 S.E.2d 416 (1952), has not been "assimilated into the common law action for defamation." *Allen & Rocks, Inc. v. Dowell*, 252 Va. 439, 442, 477 S.E.2d 741 (1996). In order to be actionable under the insulting words statute, more is required than that a statement be defamatory *per se*. *Id.* at 442. The defamatory statement must be "fighting words;" the words used must be words that would tend to cause anger and breach of the peace. *Id.* at 443.

Generally, negative statements concerning a person's conduct at her workplace are insufficient to support an insulting words claim. *Id.* There are no facts set forth in the motion for judgment or bill of particulars from which

the court can conclude that the general manager's statements were "fighting words." The court therefore sustains the demurrer to Count I. Dubiously, I will give the plaintiff twenty-one days from the date of this letter within which she may, if she be so advised, file an amended motion for judgment, attempting to state facts which would enable the court to find potential for violence or breach of the peace. If she fails to file an amended motion for judgment within that time, then the demurrer to Count I will be sustained with prejudice.

Count II is a claim for defamation. The plaintiff has filed a Bill of Particulars which identifies the statements she were made, by whom, to whom, and when. The plaintiff's pleadings sufficiently state facts informing the defendant of the nature and character of her claims. *See Federal Land Bank v. Birchfield*, 173 Va. 200, 3 S.E.2d 405 (1939).

Words that impute the commission of a criminal offense involving moral turpitude are at common law defamatory *per se*. *Great Coastal Express v. Ellington*, 230 Va. 142, 148, 334 S.E.2d 846 (1985). In determining whether the words employed impute a criminal offense, the words must be construed in the plain and popular sense in which the rest of the world naturally understands them. *Schnupp v. Smith*, 249 Va. 353, 360-61, 457 S.E.2d 42 (1995). Every fair inference that may be drawn from the words in the pleadings must be resolved in the plaintiff's favor. *Carwile v. Richmond Newspapers*, 196 Va. 1, 8, 82 S.E.2d 588 (1954). A jury could conclude that the words the general manager allegedly used implied that the plaintiff committed embezzlement or larceny, crimes involving moral turpitude.

Viamac also contends that even if the words used might be defamatory, the general manager's statements are entitled to a qualified privilege. This qualified privilege exists when statements are made in the context of an employment relationship, unless the defamatory words were used with common-law malice. *Southeastern Tidewater Opportunity Project, Inc. v. Bade*, 246 Va. 273, 276, 435 S.E.2d 131 (1993). The privilege is lost, however, if the defamatory statements are communicated to third parties who have no duty or interest in the subject matter, even if those third parties are fellow employees. *Larimore v. Blaylock*, 259 Va. 568, 574-75, 528 S.E.2d 119 (2000). "Determination of whether or not the occasion is one of qualified privilege is ordinarily a matter to be decided by the court. [Citations omitted.] Yet, if the evidence upon which the asserted privilege is based is in substantial conflict, whether or not the occasion is one of privilege becomes mixed question of law and fact to be determined by the jury under appropriate instructions from the court." *Luhring v. Carter, supra*, 193 Va. 529, 541.

Since the court must give the plaintiff the benefit of all inferences fairly to be drawn from the facts as she has stated them, I must at this stage of the

proceedings infer that the general manager's defamatory statements were made with common-law malice and communicated to persons who had no duty or interest in the subject matter. The court will not consider in aid of the demurrer any facts not clearly set forth in the plaintiff's pleadings.

The demurrer to Count I, insulting words, is sustained with leave to amend. The demurrer to Count II, defamation, is overruled, and the defendant should plead to Count II within twenty-one days.